UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DHANANJAY PATEL, SAFDAR HUSSAIN,
VATSAL CHOKSHI, DHAVAL PATEL, and
NIRAL PATEL, and all others similarly
situated,

      Plaintiffs,

v.

7-ELEVEN, INC. MARY CARRIGAN, and
ANDREW BROTHERS

      Defendants.

**Case No.:**

## NOTICE OF REMOVAL

Defendants 7-Eleven, Inc. ("7-Eleven"), Mary Cadigan[1] ("Cadigan"), and Andrew Brothers ("Brothers") (collectively, "Defendants"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, respectfully give notice of the removal of this action from the Superior Court of Middlesex County, Massachusetts, to the United States District Court for the District of Massachusetts.  This case is removable based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  This case is also removable under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453.

As grounds for removal, Defendants state as follows:

---

[1]     Mary Cadigan is misnamed "Mary Carrigan" in Plaintiffs' Complaint.  She is referred to herein by her correct name.

# INTRODUCTION

1.	On or about June 22, 2017, Plaintiffs Dhananjay Patel, Safdar Hussain, Vatsal Chokshi, Dhaval Patel, and Niral Patel (collectively, "Plaintiffs") filed a putative Class Action Complaint ("Complaint") on behalf of themselves and all others similarly situated in the Superior Court of Middlesex County, Massachusetts Docket No. 17-1884 (the "State Court Action").  The Complaint names 7-Eleven, Cadigan, and Brothers as Defendants.

2.	Each Defendant was served with a copy of the Complaint on or about July 12, 2017.  Therefore, this Notice of Removal is timely filed, as it was filed within thirty (30) days after 7-Eleven, Cadigan and Brothers were served with process.  28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999); *Novak v. Bank of N.Y. Mellon Trust Co., NA.*, 783 F.3d 910, 911 (1st Cir. 2015).

3.	In their Complaint, Plaintiffs allege that Defendants: (1) violated the Massachusetts Independent Contractor Law, Mass. Gen. L. c. 149 § 148B, by misclassifying 7-Eleven's franchisees in Massachusetts as independent contractors instead of employees; (2) violated the Massachusetts Wage Act, Mass. Gen. L. c. 149 § 148B, by, *inter alia*, making unlawful deductions from Plaintiffs' "paychecks"; and (3) violated the Massachusetts Minimum Wage Law, Mass. Gen. L. c. 151 §§ 1, 7, by "paying" the franchisees less than the applicable state minimum wage.

# REMOVAL BASED ON DIVERSITY OF CITIZENSHIP

4.	Pursuant to 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over a civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and is between citizens of different states.

2

**I.      The Amount in Controversy Exceeds $75,000**

5.      In their Complaint, Plaintiffs seek, *inter alia*, "[d]amages [allegedly] attributable to 7-Eleven's statutory violations" and "[t]reble damages as allowed by law."  *See* Complaint at p. 8.

6.      Plaintiffs claim that their damages consist, *inter alia*, of franchise fees and other "fees and expenses that [Plaintiffs] should not have had to pay as employees (such as for insurance)".  *See* Complaint at pp. 7-8.

7.      For their franchises, Plaintiffs collectively paid 7-Eleven $837,960 in franchise fees.  *See* Declaration of Dorian Cunion In Support of Defendants' Notice of Removal ("Cunion Declaration"), at ¶ 4.  Because Plaintiffs have also requested "[t]reble damages as allowed by law," the damages pled in the Complaint far exceed $75,000.  *See* Complaint at p. 8.

8.      Therefore, the amount in controversy requirement is satisfied.

**II.     There is Complete Diversity of Citizenship**

9.      The Complaint alleges that each Plaintiff is a resident of Massachusetts.  *See* Complaint at ¶¶ 2-6.

10.     The Complaint alleges that Defendant 7-Eleven is a Texas Corporation with its principal place of business in Irving, Texas.  *See* Complaint at ¶ 8.  The other Defendants, Cadigan and Brothers, are alleged to be residents of Massachusetts.  *Id*. at ¶¶ 9-10.

11.     Notwithstanding that the Complaint names Cadigan and Brothers as Defendants, there is complete diversity among the parties for purposes of 28 U.S.C. § 1332 because the Complaint does not plausibly state a cause of action against Cadigan or Brothers.  As a result, under the doctrine of fraudulent joinder, Cadigan and Brothers are appropriately disregarded for purposes of a diversity analysis.

**III.   Cadigan and Brothers are Appropriately Disregarded for Purposes of Diversity Analysis Because The Complaint Does not Plausibly State a Claim Against Them**

12.   Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to defeat diversity jurisdiction and prevent removal to federal court. *See Alpha Biomedical and Diagnostic Corp. v. Philips Medical Sys. Netherland BV*, 828 F. Supp. 2d 425, 432 (D.P.R. 2011) (citing *Mills v. Allegiance Healthcare Corp.*, 178 F. Supp. 2d 1, 4 (D. Mass. 2001)).  Fraudulent joinder exists "where there is no reasonable possibility that the state's highest court would find that the complaint states a cause of action upon which relief may be granted against the non-diverse defendant." *Universal Truck & Equip. Co., Inc. v. Southworth-Milton, Inc.*, 765 F.3d 103, 108 (1st Cir. 2014).  If a defendant has been "fraudulently joined," that defendant is disregarded for purposes of determining diversity. *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983); *Coughlin v. Nationwide Mut. Ins. Co.*, 776 F. Supp. 626, 628 (D. Mass. 1991).

13.   As noted above, Plaintiffs' claims are brought under the Massachusetts Wage Act (the "Act").  While individual employees of an alleged employer may be liable under the Act, the circumstances under which such liability may arise are very limited.  Aside from "the president and treasurer of a corporation," officers or agents of the putative corporate employer may only be liable under the Act if they "hav[e] the management of such corporation …." *See* Mass. Gen. Laws ch. 149, § 148B(d).  In reviewing this language, the Supreme Judicial Court of Massachusetts has made clear that a manager or other officer or agent of a corporation may only be individually liable for violations of the Act if he or she "controls, directs, and participates to a substantial degree in formulating and determining policy" of the business entity. *Wiedmann v. The Bradford Group, Inc.*, 444 Mass. 698, 711 (2005).  "Merely holding a managerial position over some branch, division, or office of a corporation does not, by itself, mean that that manager

has the 'management' of the 'corporation' as a whole." *Id.* at 712. Rather, a person must actually formulate, control or determine corporate policy. *See, e.g., Forziati v. Nelson*, No. CV 14-12325-MLW, 2016 WL 4468554, at *9 (D. Mass. Aug. 22, 2016).

14. Here, the Complaint merely alleges that Cadigan and Brothers, "exercised extensive control over the plaintiffs' work." *See* Complaint at ¶¶ 9, 10. There are no other allegations concerning Cadigan or Brothers. The fact that Cadigan and Brothers allegedly exercised some control over the Plaintiffs' "work" is insufficient to support individual liability under the Act. Therefore, Cadigan and Brothers have been fraudulently joined in this matter because "there is no reasonable possibility that the state's highest court would find that the complaint states a cause of action upon which relief may be granted" against them. *See Universal Truck*, 765 F.3d at 108.[2]

15. Disregarding Cadigan and Brothers, there is complete diversity among the parties because Plaintiffs are all Massachusetts residents according to the Complaint and 7-Eleven is incorporated and has its principal place of business in Texas.

**REMOVAL BASED ON THE CLASS ACTION FAIRNESS ACT ("CAFA")**

16. Under CAFA, a federal district court has original jurisdiction over any case that: (a) is a putative class action as defined in 28 U.S.C. §§ 1332(d)(1) and 1453; (b) involves a class of 100 or more members as required by 28 U.S.C. 1332(d)(5)(B); (c) satisfies minimal diversity requirements – *i.e.*, at least one member of the proposed class has a different citizenship from one of the defendants; and (d) the aggregated claims of the proposed class members exceed the

---

[2] As a matter of fact, Cadigan was employed as a Market Manager, and Brothers is currently employed as a Market Manager. As Market Managers, they served as business consultants and coaches to 7-Eleven franchisees. They were responsible for providing guidance, consultation and direction to 7-Eleven franchisees regarding the implementation of 7-Eleven's business strategy, programs and initiatives. Neither "controls, directs, and participates to a substantial degree in formulating and determining policy" for 7-Eleven. *See* Declaration of John Harrison in Support of Defendants' Notice of Removal at ¶¶ 3-4.

sum or value of $5,000,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2).  Each one of these requirements is present here.

## I.     This Action is a "Class Action" Under CAFA

17.     This is a class action as defined by CAFA, meaning "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).  Plaintiffs filed this action as a "Class Action Complaint" and allege that "[t]his is a class action that the above-named plaintiffs bring on their own behalves and on behalf of all others similarly situated."  *See* Complaint at ¶ 7.

## II.    The Putative Class Consists of More than 100 Members

18.     Plaintiffs seek to represent a class of "all other individuals who have purchased a 7-Eleven franchise and have performed services as a store manager and convenience store clerk for 7-Eleven within the Commonwealth of Massachusetts."  Complaint at ¶ 7.

19.     7-Eleven has 168 franchises in Massachusetts, which are owned by 140 different franchisees.  *See* Cunion Declaration at ¶ 3.  Therefore, the aggregate number of potential class members exceeds 100.

## III.   Minimal Diversity of Citizenship Exists Under CAFA

20.     Minimal diversity is met under CAFA if "any member of a class of plaintiffs is a citizen of a State different from any defendant ...."  28 U.S.C. § 1332(d)(2)(A).  Therefore, diversity between a single member of Plaintiffs' putative class and 7-Eleven is sufficient to meet CAFA's minimal diversity requirements.

21.     The Complaint alleges that Plaintiffs reside in Massachusetts and that Defendant 7-Eleven is a Texas Corporation with its principal place of business in Irving, Texas.  *See*

Complaint at ¶¶ 2-6, 8.  Therefore, minimal diversity is satisfied.  *See* 28 U.S.C. § 1332(d)(2)(A).

IV.  **The Amount in Controversy is Greater than $5,000,000**

22.  CAFA applies if "the matter in controversy exceeds [at least] the sum or value of $5,000,000, exclusive of interest and costs …."  28 U.S.C. § 1332(d)(2).  Claims of all class members shall be aggregated in determining whether this threshold is satisfied.  28 U.S.C. § 1332(d)(6).

23.  "[A] court's analysis of the amount in controversy focuses on whether a removing defendant has shown a reasonable probability that more than $5 million is in controversy at the time of removal."  *See Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) (emphasis omitted).

24.  As noted above, there are 168 7-Eleven franchises in Massachusetts.  With respect to each franchise, Plaintiffs allege damages in the form of, *inter alia*, franchise fees and other "fees and expenses that [plaintiffs] should not have had to pay as employees (such as for insurance)".  *See* Complaint at pp. 7-8.

25.  As set forth in the accompanying Cunion Declaration, the franchise fees that 7-Eleven has received in connection with the sale of the 168 franchises in the Commonwealth exceed $5,000,000.  *See* Cunion Declaration at ¶ 5.  In addition, Plaintiffs have requested "[t]reble damages as allowed by law."  *See* Complaint at p. 8.

26.  Therefore, the aggregated claims of the proposed class members exceed the sum or value of $5,000,000.  *See* 28 U.S.C. § 1332(d)(2).

## THE ADDITIONAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

27. This Notice of Removal is properly filed in this district court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiffs filed this case in the Superior Court of Middlesex County, which is within/embraced by the District of Massachusetts, Boston Division.

28. Pursuant to and in compliance with 28 U.S.C. § 1446(a), Defendants have attached as **Exhibit A** to this Notice of Removal copies of the docket and all pleadings and orders served on them in the matter filed by Plaintiffs in the State Court Action.

29. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of the filing of this Notice of Removal to Plaintiffs' counsel and will file a copy of this Notice of Removal with the clerk of the Superior Court of Middlesex County.

30. All Defendants who have been properly joined, through their undersigned counsel, join in the removal of this action.

31. By removing this matter to the United States District Court for the District of Massachusetts, Defendants: (1) do not waive and explicitly preserve any and all available defenses, and (2) do not admit any of the allegations in the Complaint.

For the foregoing reasons, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and CAFA, and this action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.  Defendants request that this action be removed from the Superior Court for Middlesex County, Massachusetts to the United States District Court for the District of Massachusetts.

| | |
|---|---|
| Dated:  August 1, 2017 | Respectfully submitted,<br><br>7-Eleven, Inc., Mary Cadigan, and Andrew Brothers<br><br>By their attorneys,<br><br>DLA PIPER LLP (US)<br>By:      /s/ Matthew J. Iverson       <br>Matthew J. Iverson (BBO No. 653880)<br>Miles Norton (BBO No. 670225)<br>Jennifer C. Brown (BBO No. 681442)<br>DLA PIPER LLP (US)<br>33 Arch Street, 26th Floor<br>Boston, MA 02110-1447<br>(617) 406-6000 (*telephone*)<br> (617) 406-6100 (*facsimile*)<br>*matthew.iverson@dlapiper.com*<br>*miles.norton@dlapiper.com*<br>*jennifer.brown@dlapiper.com*<br><br>*Counsel for Defendants* |

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 1st day of August, 2017 via electronic mail and first class mail to:

Shannon Liss-Riordan (BBO No. 640716)
Adelaide H. Pagano (BBO No. 690518)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com
apagano@llrlaw.com

*Counsel for Plaintiffs*

                   */s/   Jennifer C. Brown*