# EXHIBIT A

# LICHTEN & LISS-RIORDAN, P.C.

ATTORNEYS AT LAW

HAROLD L. LICHTEN*†
SHANNON LISS-RIORDAN*◊∆

BENJAMIN J. WEBER*▫
PETER M. DELANO*
MATTHEW W. THOMSON*
JILL S. KAHN*◊
ADELAIDE H. PAGANO*
THOMAS P. FOWLER*◊
MATTHEW D. CARLSON∆
OLENA SAVYTSKA*

729 BOYLSTON STREET, SUITE 2000
BOSTON, MASSACHUSETTS 02116

TELEPHONE 617-994-5800
FACSIMILE 617-994-5801

466 GEARY STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94102

TELEPHONE 415-630-2651

WWW.LLRLAW.COM

× ADMITTED IN MASSACHUSETTS
∆ ADMITTED IN CALIFORNIA
◊ ADMITTED IN NEW YORK
† ADMITTED IN MAINE
▫ ADMITTED IN TENNESSEE

June 21, 2017

**VIA HAND DELIVERY**

Clerk of the Court
Middlesex Superior Court
200 Trade Center, 2nd Floor
Woburn, MA 01801

   RE: **Dhananjay Patel, et al. V. 7-Eleven, Inc., Mary Carrigan, and Andrew Brothers**

Dear Clerk:

  Enclosed for filing please find one (1) original Complaint, with one (1) copy, a Civil Cover Sheet and a check in the amount of $290 as payment for filing this case and for three (3) Summonses.

  Please stamp the enclosed additional copy of the Complaint with the docket number and return to us in the enclosed envelope.

  Thank you and please do not hesitate to call if you have any questions.

            Regards,

            *Sarah Mason*
            Sarah Mason
            Legal Assistant

**COMMONWEALTH OF MASSACHUSETTS**
**SUPERIOR COURT DEPARTMENT**

MIDDLESEX, ss

| | |
|---|---|
| DHANANJAY PATEL, SAFDAR HUSSAIN, VATSAL CHOKSHI, DHAVAL PATEL, and NIRAL PATEL, and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>7-ELEVEN, INC., MARY CARRIGAN, and ANDREW BROTHERS<br><br>        Defendants. | JURY DEMANDED<br><br>Civil Action No. 17-1884<br><br>FILED<br>IN THE OFFICE OF THE<br>CLERK OF COURTS<br>FOR THE COUNTY OF MIDDLESEX<br><br>JUN 22 2017 |

**CLASS ACTION COMPLAINT**

## I. INTRODUCTION

1. This is a class action brought on behalf of workers who have purportedly purchased franchises from 7-Eleven, Inc. ("7-Eleven") in Massachusetts but in reality have simply worked as convenience store managers for the company. 7-Eleven is a familiar international convenience store chain with hundreds of stores in Massachusetts. It uses a "franchise" model, under which workers like the plaintiffs pay large sums of money in order to purchase a convenience store business. However, in reality, rather than owning their own independent business, these workers simply toil as managers for 7-Eleven. These workers, whose services are the bedrock of 7-Eleven's business, often find themselves working grueling hours for less than minimum wage under 7-Eleven's constant direction and control. Indeed, 7-Eleven dictates nearly every aspect of the plaintiffs' work, down to the most minute detail. They do not retain discretion over their stores but instead must adhere to the detailed direction set forth by 7-Eleven. For

all these reasons, 7-Eleven has improperly misclassified its "franchisees" as independent contractors when they are actually employees of 7-Eleven under Massachusetts law. In doing so, 7-Eleven has thereby denied these workers the benefits to which they are entitled as employees under the Massachusetts wage laws. Based on this misclassification, 7-Eleven has improperly required these workers to buy their jobs in violation of Massachusetts law, through up-front payments of "franchise fees", and has made improper deductions from their pay for such items as insurance, employee payroll taxes, and other payments that should be borne by the employer, 7-Eleven. In this action, the above-named plaintiffs seek to recover, on their own behalves and on behalf of all similarly situated individuals, compensation for these violations, statutory enhancement of damages as allowed by law, and attorneys' fees and costs.

II.     **PARTIES**

2.      Plaintiff Dhananjay Patel is an adult resident of Sharon, Massachusetts, who purchased a 7-Eleven franchise and has as a result performed services as a store manager and convenience store clerk for 7-Eleven in Massachusetts since approximately 2002.

3.      Plaintiff Safdar Hussain is an adult resident of North Attleboro, Massachusetts, who purchased a 7-Eleven franchise and has as a result performed services as a store manager and convenience store clerk for 7-Eleven in Massachusetts since approximately 2005.

4.      Plaintiff Vatsal Chokshi is an adult resident of Billerica, Massachusetts, who purchased a 7-Eleven franchise and has as a result has performed services as a

store manager and convenience store clerk for 7-Eleven in Massachusetts since approximately 2010.

5.      Plaintiff Dhaval Patel is an adult resident of Lowell, Massachusetts, who purchased a 7-Eleven franchise and has as a result has performed services as a store manager and convenience store clerk for 7-Eleven in Massachusetts since approximately December 2010.

6.      Plaintiff Niral Patel is an adult resident of Boston, Massachusetts, who purchased a 7-Eleven franchise and has as a result has performed services as a store manager and convenience store clerk for 7-Eleven in Massachusetts since approximately December 2010.

7.      This is a class action that the above-named plaintiffs bring on their own behalves and on behalf of all others similarly situated, namely all other individuals who have purchased a 7-Eleven franchise and have performed services as a store manager and convenience store clerk for 7-Eleven within the Commonwealth of Massachusetts.

8.      Defendant 7-Eleven Inc. is a Texas corporation with its principal place of business in Irving, Texas.

9.      Defendant Marry Carrigan is a resident of Scituate, Massachusetts, where she has worked as a market manager for 7-Eleven.  She has exercised extensive control over the plaintiffs' work.

10.     Defendant Andrew Brothers is a resident of Plainville, Massachusetts, where he has worked as a market manager for 7-Eleven. He has exercised extensive control over the plaintiffs' work.

### III. STATEMENT OF FACTS

11. 7-Eleven is a convenience store chain that uses a "franchise" model, in which it charges individuals large sums of money to purchase a "franchise" and supposedly own their own 7-Eleven business. These "franchisees" are classified as independent contractors. However, these workers are in fact employees under Massachusetts law.

12. The behavioral and financial control manifested over these workers by 7-Eleven as well as the nature of the services performed demonstrates that the workers are employees rather than independent contractors under Massachusetts law.

13. The workers perform services within 7-Eleven's usual course of business, which is to sell retail products in convenience stores.

14. 7-Eleven instructs these workers in how to do their work and dictates the performance of the details of their jobs. For example, 7-Eleven market managers communicate with the franchisees on an almost daily basis by text message and frequently visit their stores to inspect their work. If the store does not meet 7-Eleven's detailed and exacting standards regarding which products must be in stock, cleanliness, and hours of operation, franchisees can be written up and are subject to termination in 7-Eleven's discretion after being written up multiple times.

15. Likewise, 7-Eleven imposes a litany of rules and requirements on its franchisees. For example, 7-Eleven dictates that these workers wear uniforms. It can require that they undergo its specific training. It monitors their work remotely through the use of cameras in the stores.

4

16. The franchisees are not given discretion to run their own business. 7-Eleven's rules go well beyond what would be necessary for it to maintain its franchise brand. 7-Eleven dictates store hours, even in dangerous and inclement weather. Franchisees cannot even alter the temperature in the stores, which is controlled by 7-Eleven. Franchisees are not allowed to plug in anything "external" in their stores, such as space heaters. Franchisees are required to only accept certain methods of payment authorized by 7-Eleven. Franchisees' names are not on the leases or licenses for the stores.

17. 7-Eleven controls the entire payroll system at the stores, not the franchisees. Employees at the stores enter their hours into *7-Eleven's* system, and it is 7-Eleven that calculates payroll and issues checks, not the franchisees. 7-Eleven is listed on the lottery and liquor licenses for the franchisees' stores (and franchisees are listed as mere "managers").

18. Franchisees are required to make a deposit every twenty-four hours into an account controlled by 7-Eleven. 7-Eleven requires them to keep a certain amount of funds in the account at all times or risk getting written up by 7-Eleven (which can eventually lead to termination). Franchisees are not free to use the funds in their store accounts as they see fit, but are instead allotted a standard "draw" and must specially request any withdrawal beyond that standard draw.

19. 7-Eleven's franchisees do not work in an independently established trade, occupation, profession, or business. Instead, they perform services as convenience store managers and sales clerks exclusively for 7-Eleven. Indeed, their franchise agreements

5

place restrictions on their ability to invest in or work for competing businesses while they work for 7-Eleven, as well as for a period of time after leaving 7-Eleven.

20. Also, 7-Eleven's franchisees do not represent themselves to the public as being in an independent business, and they typically have not invested in an independent business apart from their payment of "franchise" fees to 7-Eleven.

21. Because of their misclassification by 7-Eleven as independent contractors, plaintiffs and other so-called "franchisees" have not received the benefits that inure from the employment relationship under law, for example, minimum wage, workers' compensation insurance if they are injured on the job, and unemployment insurance if they lose their jobs or are constructively discharged.

22. 7-Eleven's franchisees frequently do not even make minimum wage, considering the grueling hours they spend working at 7-Eleven convenience stores. For example, Plaintiff Safdar Hussain regularly works more than fifty hours per week, including the week of May 8, 2017, but he estimates that his take-home pay averaged to less than minimum wage.

23. Numerous deductions are made from the franchisees' pay, which constitute improper deductions from wages. For example, 7-Eleven deducts payments towards "franchise" fees, payments for store maintenance, credit card fees, advertising fees, payroll taxes for the store's employees, and the like.

**IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES**

24.    Pursuant to the state law requirements as set forth in Mass. Gen. L. c. 149 § 150, the above-named plaintiffs filed their statutory claims with the Office of the Attorney General and received a right to sue letter in order to proceed on these claims in court.

**COUNT I**
**Mass. Gen. L. c. 149 § 148B**
**(Misclassification as Independent Contractors)**

Defendant has misclassified its "franchisee" convenience store workers in Massachusetts as independent contractors instead of employees, in violation of the Massachusetts Independent Contractor Law, Mass. Gen. L. c. 149 §148B. This claim is asserted pursuant to Mass. Gen. L. c. 149 § 150.

**COUNT II**
**Mass. Gen. L. c. 149 § 148**
**(Wage Law Violations)**

Defendant has violated the Massachusetts Wage Act, in that 7-Eleven "franchisee" convenience store workers in Massachusetts have had to pay for their jobs (in the form of franchise fees), have had unlawful deductions taken from their paychecks, and have been required to pay fees and expenses that they should not have had to pay as employees (such as for insurance), and have not received timely pay for their work, in violation of Mass. Gen. L. c. 149 § 148. This claim is asserted pursuant to Mass. Gen. L. c. 149 § 150.

7

## COUNT III
## Mass. Gen. L. c. 151 §§ 1, 7
## (Minimum Wage)

Defendant has violated the Massachusetts Minimum Wage Law because 7-Eleven "franchisee" convenience store workers frequently average less than the applicable state minimum wage. This claim is brought pursuant to Mass. Gen. L. c. 151 § 20.

## JURY DEMAND

Plaintiffs request a trial by jury on all their claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. Certification of this case as a class action pursuant to Mass. Gen. L. c. 149 § 150 and/or Mass. R. Civ. P. 23;

2. Damages attributable to 7-Eleven's statutory violations;

3. Treble damages as allowed by law;

4. Declaratory and injunctive relief, requiring 7-Eleven to cease its illegal practices;

5. Any other relief to which the plaintiffs and class members may be entitled.

Respectfully submitted,

DHANANJAY PATEL, SAFDAR HUSSAIN, VATSAL CHOKSHI, DHAVAL PATEL, and NIRAL PATEL, and all others similarly situated, and all others similarly situated,

By their attorneys,

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan, BBO #640716
Adelaide H. Pagano, BBO #690518
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800

Dated:    June 21, 2017

9

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 17-1884 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

PLAINTIFF(S): Dhananjay Patel, et al.
ADDRESS: c/o Shannon Liss-Riordan
Lichten & Liss-Riordan, P.C.
729 Boylston St., suite 2000, Boston, MA
ATTORNEY: Shannon Liss-Riordan
ADDRESS: Lichten & Liss-Riordan, P.C.
729 Boylston Street, suite 2000
Boston, MA
BBO: 640716 (Mass. State Bar #)

COUNTY: Middlesex
DEFENDANT(S): 7-Eleven, Inc., Mary Carrigan, and Andrew Brothers
ADDRESS:

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

CODE NO.: A99
TYPE OF ACTION (specify): Other
TRACK: F
HAS A JURY CLAIM BEEN MADE? ☑ YES ☐ NO
*If "Other" please describe: Independent Contractor Misclassification

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses ................ $
 2. Total doctor expenses ................ $
 3. Total chiropractic expenses ................ $
 4. Total physical therapy expenses ................ $
 5. Total other expenses (describe below) ................ $
 Subtotal (A): $

B. Documented lost wages and compensation to date ................ $
C. Documented property damages to dated ................ $
D. Reasonably anticipated future medical and hospital expenses ................ $
E. Reasonably anticipated lost wages ................ $
F. Other documented items of damages (describe below) ................ $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F): $

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X /s/ Shannon Liss-Riordan  Date: 6/21/2017

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**
I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X /s/ Shannon Liss-Riordan  Date: 6/21/2017

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality \***

AA1 Contract Action involving Commonwealth,
   Municipality, MBTA, etc.                    (A)
AB1 Tortious Action involving Commonwealth,
   Municipality, MBTA, etc.                    (A)
AC1 Real Property Action involving
   Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action involving Commonwealth,
   Municipality, MBTA, etc.                    (A)
AE1 Administrative Action involving
   Commonwealth, Municipality, MBTA,etc. (A)

**CN Contract/Business Cases**

A01 Services, Labor, and Materials              (F)
A02 Goods Sold and Delivered                    (F)
A03 Commercial Paper                            (F)
A04 Employment Contract                         (F)
A06 Insurance Contract                          (F)
A08 Sale or Lease of Real Estate                (F)
A12 Construction Dispute                        (A)
A14 Interpleader                                (F)
BA1 Governance, Conduct, Internal
   Affairs of Entities                          (A)
BA3 Liability of Shareholders, Directors,
   Officers, Partners, etc.                     (A)
BB1 Shareholder Derivative                      (A)
BB2 Securities Transactions                     (A)
BC1 Mergers, Consolidations, Sales of
   Assets, Issuance of Debt, Equity, etc.       (A)
BD1 Intellectual Property                       (A)
BD2 Proprietary Information or Trade
   Secrets                                      (A)
BG1 Financial Institutions/Funds                (A)
BH1 Violation of Antitrust or Trade
   Regulation Laws                              (A)
A99 Other Contract/Business Action - Specify (F)

\* Choose this case type if ANY party is the
Commonwealth, a municipality, the MBTA, or any
other governmental entity UNLESS your case is a
case type listed under Administrative Civil Actions
(AA).

† Choose this case type if ANY party is an
incarcerated party, UNLESS your case is a case
type listed under Administrative Civil Actions (AA)
or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

D01 Specific Performance of a Contract   (A)
D02 Reach and Apply                      (F)
D03 Injunction                           (F)
D04 Reform/ Cancel Instrument            (F)
D05 Equitable Replevin                   (F)
D06 Contribution or Indemnification      (F)
D07 Imposition of a Trust                (A)
D08 Minority Shareholder's Suit          (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting                           (A)
D11 Enforcement of Restrictive Covenant  (F)
D12 Dissolution of a Partnership         (F)
D13 Declaratory Judgment, G.L. c.231A    (A)
D14 Dissolution of a Corporation         (F)
D99 Other Equity Action                  (F)

**PA Civil Actions Involving Incarcerated Party** †

PA1 Contract Action involving an
   Incarcerated Party                    (A)
PB1 Tortious Action involving an
   Incarcerated Party                    (A)
PC1 Real Property Action involving an
   Incarcerated Party                    (F)
PD1 Equity Action involving an
   Incarcerated Party                    (F)
PE1 Administrative Action involving an
   Incarcerated Party                    (F)

**TR Torts**

B03 Motor Vehicle Negligence - Personal
   Injury/Property Damage                (F)
B04 Other Negligence - Personal
   Injury/Property Damage                (F)
B05 Products Liability                   (A)
B06 Malpractice - Medical / Wrongful Death (A)
B07 Malpractice - Other                  (A)
B08 Wrongful Death, G.L. c.229 §2A       (A)
B15 Defamation                           (A)
B19 Asbestos                             (A)
B20 Personal Injury - Slip & Fall        (F)
B21 Environmental                        (F)
B22 Employment Discrimination            (F)
BE1 Fraud, Business Torts, etc.          (A)
B99 Other Tortious Action                (F)

**RP Real Property**

C01 Land Taking                          (F)
C02 Zoning Appeal, G.L. c. 40A           (F)
C03 Dispute Concerning Title             (F)
C04 Foreclosure of a Mortgage            (X)
C05 Condominium Lien & Charges           (X)
C99 Other Real Property Action           (F)

**MC Miscellaneous Civil Actions**

E18 Foreign Discovery Proceeding         (X)
E97 Prisoner Habeas Corpus               (X)
E22 Lottery Assignment, G.L. c. 10 §28   (X)

**AB Abuse/Harassment Prevention**

E15 Abuse Prevention Petition, G.L. c. 209A  (X)
E21 Protection from Harassment, G.L. c. 258E(X)

**AA Administrative Civil Actions**

E02 Appeal from Administrative Agency,
   G.L. c. 30A                           (X)
E03 Certiorari Action, G.L. c.249 §4     (X)
E05 Confirmation of Arbitration Awards   (X)
E06 Mass Antitrust Act, G. L. c. 93 §9   (A)
E07 Mass Antitrust Act, G. L. c. 93 §8   (X)
E08 Appointment of a Receiver            (X)
E09 Construction Surety Bond, G.L. c. 149
   §§29, 29A                             (A)
E10 Summary Process Appeal               (X)
E11 Worker's Compensation                (X)
E16 Auto Surcharge Appeal                (X)
E17 Civil Rights Act, G.L. c.12 §11H     (A)
E24 Appeal from District Court
   Commitment, G.L. c.123 §9(b)          (X)
E25 Pleural Registry (Asbestos cases)
E94 Forfeiture, G.L. c265 §56            (X)
E95 Forfeiture, G.L. c.94C §47           (F)
E99 Other Administrative Action          (X)
Z01 Medical Malpractice - Tribunal only,
   G.L. c. 231 §60B                      (F)
Z02 Appeal Bond Denial                   (X)

**SO Sex Offender Review**

E12 SDP Commitment, G.L. c. 123A §12     (X)
E14 SDP Petition, G.L. c. 123A §9(b)     (X)

**RC Restricted Civil Actions**

E19 Sex Offender Registry, G.L. c.6 §178M   (X)
E27 Minor Seeking Consent, G.L. c.112 §12S  (X)

TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES    ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.**

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

### A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1781CV01884 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Dhanajay Patel, and all others similarly situated et al vs. 7-Eleven, Inc. et al | | Michael A. Sullivan, Clerk of Court Middlesex County |
| TO: File Copy , | | COURT NAME & ADDRESS Middlesex Superior - Lowell 360 Gorham Street Lowell, MA 01852 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                              DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 09/20/2017 | |
| Response to the complaint filed (also see MRCP 12) | | 10/20/2017 | |
| All motions under MRCP 12, 19, and 20 | 10/20/2017 | 11/20/2017 | 12/19/2017 |
| All motions under MRCP 15 | 10/20/2017 | 11/20/2017 | 12/19/2017 |
| All discovery requests **and depositions** served and non-expert despositions completed | 04/18/2018 | | |
| All motions under MRCP 56 | 05/18/2018 | 06/18/2018 | |
| Final pre-trial conference held and/or firm trial date set | | | 10/15/2018 |
| Case shall be resolved and judgment shall issue by | | | 06/24/2019 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 06/22/2017 | Michael M Brennan | (978)453-0201 |