UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                              )
DHANANJAY PATEL, SAFDAR HUSSAIN,  )
VATSAL CHOKSHI, DHAVAL PATEL, and  )
NIRAL PATEL, and all others similarly        )
situated,                                                        )
                           Plaintiffs,                         )
                                                              )   Case No.: 1:17-cv-11414-NMG
          v.                                                 )
                                                              )
7-ELEVEN, INC.                                       )
                                                              )
                           Defendant                       )
_____ )

**AMENDED CLASS ACTION COMPLAINT**

**I.     INTRODUCTION**

1.     This is a class action brought on behalf of workers who have purportedly purchased franchises from 7-Eleven, Inc. ("7-Eleven") in Massachusetts but in reality have simply worked as convenience store managers for the company. 7-Eleven is a familiar international convenience store chain with hundreds of stores in Massachusetts. It uses a "franchise" model, under which workers like the plaintiffs pay large sums of money in order to purchase a convenience store business. However, in reality, rather than owning their own independent business, these workers simply toil as managers for 7-Eleven. These workers, whose services are the bedrock of 7-Eleven's business, often find themselves working grueling hours for less than minimum wage under 7-Eleven's constant direction and control. Indeed, 7-Eleven dictates nearly every aspect of the plaintiffs' work, down to the most minute detail. They do not retain discretion over their stores but instead must adhere to the detailed direction set forth by 7-Eleven. For all these reasons, 7-Eleven has improperly misclassified its "franchisees" as

independent contractors when they are actually employees of 7-Eleven under Massachusetts law.  In doing so, 7-Eleven has thereby denied these workers the benefits to which they are entitled as employees under the Massachusetts wage laws. Based on this misclassification, 7-Eleven has improperly required these workers to buy their jobs in violation of Massachusetts law, through up-front payments of "franchise fees", and has made improper deductions from their pay for such items as insurance, employee payroll taxes, and other payments that should be borne by the employer, 7-Eleven.  In this action, the above-named plaintiffs seek to recover, on their own behalves and on behalf of all similarly situated individuals, compensation for these violations, statutory enhancement of damages as allowed by law, and attorneys' fees and costs.

**II.     PARTIES**

2.     Plaintiff Dhananjay Patel is an adult resident of Sharon, Massachusetts, who purchased a 7-Eleven franchise and has as a result performed services as a store manager and convenience store clerk for 7-Eleven in Massachusetts since approximately 2002.

3.     Plaintiff Safdar Hussain is an adult resident of North Attleboro, Massachusetts, who purchased a 7-Eleven franchise and has as a result performed services as a store manager and convenience store clerk for 7-Eleven in Massachusetts since approximately 2005.

4.     Plaintiff Vatsal Chokshi is an adult resident of Billerica, Massachusetts, who purchased a 7-Eleven franchise and has as a result has performed services as a

store manager and convenience store clerk for 7-Eleven in Massachusetts since approximately 2010.

5.     Plaintiff Dhaval Patel is an adult resident of Lowell, Massachusetts, who purchased a 7-Eleven franchise and has as a result has performed services as a store manager and convenience store clerk for 7-Eleven in Massachusetts since approximately December 2010.

6.     Plaintiff Niral Patel is an adult resident of Boston, Massachusetts, who purchased a 7-Eleven franchise and has as a result has performed services as a store manager and convenience store clerk for 7-Eleven in Massachusetts since approximately December 2010.

7.     This is a class action that the above-named plaintiffs bring on their own behalves and on behalf of all others similarly situated, namely all other individuals who have purchased a 7-Eleven franchise and have performed services as a store manager and convenience store clerk for 7-Eleven within the Commonwealth of Massachusetts.

8.     Defendant 7-Eleven Inc. is a Texas corporation with its principal place of business in Irving, Texas.

### III.  STATEMENT OF FACTS

9.     7-Eleven is a convenience store chain that uses a "franchise" model, in which it charges individuals large sums of money to purchase a "franchise" and supposedly own their own 7-Eleven business.  These "franchisees" are classified as independent contractors.  However, these workers are in fact employees under Massachusetts law.

3

10. The behavioral and financial control manifested over these workers by 7-Eleven as well as the nature of the services performed demonstrates that the workers are employees rather than independent contractors under Massachusetts law.

11. The workers perform services within 7-Eleven's usual course of business, which is to sell retail products in convenience stores.

12. 7-Eleven instructs these workers in how to do their work and dictates the performance of the details of their jobs. For example, 7-Eleven market managers communicate with the franchisees on an almost daily basis by text message and frequently visit their stores to inspect their work. If the store does not meet 7-Eleven's detailed and exacting standards regarding which products must be in stock, cleanliness, and hours of operation, franchisees can be written up and are subject to termination in 7-Eleven's discretion after being written up multiple times.

13. Likewise, 7-Eleven imposes a litany of rules and requirements on its franchisees. For example, 7-Eleven dictates that these workers wear uniforms. It can require that they undergo its specific training. It monitors their work remotely through the use of cameras in the stores.

14. The franchisees are not given discretion to run their own business. 7-Eleven's rules go well beyond what would be necessary for it to maintain its franchise brand. 7-Eleven dictates store hours, even in dangerous and inclement weather. Franchisees cannot even alter the temperature in the stores, which is controlled by 7-Eleven. Franchisees are not allowed to plug in anything "external" in their stores, such as space heaters. Franchisees are required to only accept certain methods of payment

authorized by 7-Eleven. Franchisees' names are not on the leases or licenses for the stores.

15.     7-Eleven controls the entire payroll system at the stores, not the franchisees. Employees at the stores enter their hours into *7-Eleven's* system, and it is 7-Eleven that calculates payroll and issues checks, not the franchisees. 7-Eleven is listed on the lottery and liquor licenses for the franchisees' stores (and franchisees are listed as mere "managers").

16.     Franchisees are required to make a deposit every twenty-four hours into an account controlled by 7-Eleven. 7-Eleven requires them to keep a certain amount of funds in the account at all times or risk getting written up by 7-Eleven (which can eventually lead to termination). Franchisees are not free to use the funds in their store accounts as they see fit, but are instead allotted a standard "draw" and must specially request any withdrawal beyond that standard draw.

17.     7-Eleven's franchisees do not work in an independently established trade, occupation, profession, or business. Instead, they perform services as convenience store managers and sales clerks exclusively for 7-Eleven. Indeed, their franchise agreements place restrictions on their ability to invest in or work for competing businesses while they work for 7-Eleven, as well as for a period of time after leaving 7-Eleven.

18.     Also, 7-Eleven's franchisees do not represent themselves to the public as being in an independent business, and they typically have not invested in an independent business apart from their payment of "franchise" fees to 7-Eleven.

19.     Because of their misclassification by 7-Eleven as independent contractors, plaintiffs and other so-called "franchisees" have not received the benefits that inure from

5

the employment relationship under law, for example, minimum wage, workers' compensation insurance if they are injured on the job, and unemployment insurance if they lose their jobs or are constructively discharged.

20.   7-Eleven's franchisees frequently do not even make minimum wage, considering the grueling hours they spend working at 7-Eleven convenience stores. For example, Plaintiff Safdar Hussain regularly works more than fifty hours per week, including the week of May 8, 2017, but he estimates that his take-home pay averaged to less than minimum wage.

21.   Numerous deductions are made from the franchisees' pay, which constitute improper deductions from wages. For example, 7-Eleven deducts payments towards "franchise" fees, payments for store maintenance, credit card fees, advertising fees, payroll taxes for the store's employees, and the like.

22.   The Plaintiffs filed this action on June 21, 2017, to assert rights under the Massachusetts Wage Act ("Wage Act") on behalf of themselves and all similarly situated 7-Eleven employees.

23.   In filing and/or joining this action under the Wage Act, the Plaintiffs along with all other similarly situated employees who join this collective action, have engaged in an activity protected under Mass. Gen. L. c. 149, § 148A.

24.   On August 10, 2018, and August 24, 2018, respectively, Defendant 7-Eleven filed virtually identical counterclaims and third party complaints against the Plaintiffs and four companies (DPNEWTO1, DP Tremont Street Inc., DP Milk Street Inc., and DP Jersey Inc.) through which three named plaintiffs (Vatsal Choksi, Niral Patel and Dhaval Patel) contracted to work for 7-Eleven. In these counterclaims and

third party complaint, 7-Eleven seeks to be indemnified for costs it has incurred in defending against Plaintiffs' case, the filing of which 7-Eleven contended breached its franchise agreement with Plaintiffs.

25. 7-Eleven filed these counterclaims and third party complaint in retaliation for Plaintiffs' act of filing this lawsuit against it under the Wage Act.

26. Defendant 7-Eleven's counterclaims have no merit and are furthermore prohibited by the Wage Act.

### IV. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

27. Pursuant to the state law requirements as set forth in Mass. Gen. L. c. 149 § 150, the above-named plaintiffs filed their statutory claims with the Office of the Attorney General and received a right to sue letter in order to proceed on these claims in court.

### COUNT I
### Mass. Gen. L. c. 149 § 148B
### (Misclassification as Independent Contractors)

Defendant has misclassified its "franchisee" convenience store workers in Massachusetts as independent contractors instead of employees, in violation of the Massachusetts Independent Contractor Law, Mass. Gen. L. c. 149 §148B.  This claim is asserted pursuant to Mass. Gen. L. c. 149 § 150.

**COUNT II**
**Mass. Gen. L. c. 149 § 148**
**(Wage Law Violations)**

Defendant has violated the Massachusetts Wage Act, in that 7-Eleven "franchisee" convenience store workers in Massachusetts have had to pay for their jobs (in the form of franchise fees), have had unlawful deductions taken from their paychecks, and have been required to pay fees and expenses that they should not have had to pay as employees (such as for insurance), and have not received timely pay for their work, in violation of Mass. Gen. L. c. 149 § 148.  This claim is asserted pursuant to Mass. Gen. L. c. 149 § 150.

**COUNT III**
**Mass. Gen. L. c. 151 §§ 1, 7**
**(Minimum Wage)**

Defendant has violated the Massachusetts Minimum Wage Law because 7-Eleven "franchisee" convenience store workers frequently average less than the applicable state minimum wage.  This claim is brought pursuant to Mass. Gen. L. c. 151 § 20.

**COUNT IV**
**Mass. Gen. L. c. 149, § 148A**
**(Retaliation)**

Defendant has violated the Anti-Retaliation Provision of the Massachusetts Wage Act, by filing counterclaims and a third-party complaint against Plaintiffs for having brought this case, in violation of Mass. Gen. L. c. 149, § 148A. This claim is asserted pursuant to Mass. Gen. L. c. 149 § 150.

**JURY DEMAND**

Plaintiffs request a trial by jury on all their claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. Certification of this case as a class action pursuant to Mass. Gen. L. c. 149 § 150 and/or Mass. R. Civ. P. 23;

2. Damages attributable to 7-Eleven's statutory violations;

3. Treble damages as allowed by law;

4. Declaratory and injunctive relief, requiring 7-Eleven to cease its illegal practices;

5. Any other relief to which the plaintiffs and class members may be entitled.

Respectfully submitted,

DHANANJAY PATEL, SAFDAR HUSSAIN, VATSAL CHOKSHI, DHAVAL PATEL, and NIRAL PATEL, and all others similarly situated, and all others similarly situated,

By their attorneys,

_____
Shannon Liss-Riordan, BBO #640716
Michelle Cassorla, BBO # 688429
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800

Dated:     November 13, 2018