UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DHANANJAY PATEL, SAFDAR HUSSAIN,
VATSAL CHOKSHI, DHAVAL PATEL, and
NIRAL PATEL, and others similarly situated,

     *Plaintiffs*,

v.

7-ELEVEN, INC.

     *Defendant/Third-Party Plaintiff,*

*v.*

DPNEWTO1, DP TREMONT STREET INC., DP
MILK STREET INC., and DP JERSEY INC.,

*Third-Party Defendants*.

Case No. 1:17-cv-11414-NMG

**<u>MEMORANDUM IN SUPPORT OF DEFENDANT 7-ELEVEN, INC.'S MOTION TO COMPEL[1]</u>**

This is an action brought by Plaintiffs Dhananjay Patel, Safdar Hussain, Vatsal Chokshi,

Dhaval Patel, and Niral Patel (collectively, the "Named Plaintiffs") against 7-Eleven, Inc. ("7-

Eleven") under the Massachusetts Independent Contractor Law and related Massachusetts wage

laws.  The Named Plaintiffs allege that 7-Eleven improperly classified them as independent

contractors, denied them benefits to which they were entitled, required them to buy their "jobs,"

and took improper deductions from their "pay."  The Named Plaintiffs have refused to produce

---

[1] This memorandum refers to various exhibits attached to the Affidavit of Jamie Kurtz in Support of Defendant 7-Eleven's Motion to Compel filed herewith.  This memorandum refers to such exhibits as "Kurtz Aff., Ex. __."

1

certain discoverable documents and refused to provide full and complete answers to certain interrogatories.[2]  In accordance with Local Rule 37.1, 7-Eleven moves to compel.[3]

## BACKGROUND

7-Eleven is the largest franchisor in the world. The Named Plaintiffs are franchisees who own and operate convenience stores in Massachusetts, either in their own names or through a corporate entity.  Those corporate entities are DPNEWT01, DP Tremont Street Inc., DP Milk Street Inc., and DP Jersey Inc. (collectively, the "Third-Party Defendants").  The Named Plaintiffs, individually or on behalf of the Third-Party Defendants, signed Franchise Agreements with 7-Eleven through which they received a license to use 7-Eleven's trademarks and tradenames as well as training, advising, and advertising and merchandising support.  In return,

---

[2] Following the Rule 37.1 conference held between the parties on August 2, 2019, the Named Plaintiffs and Third-Party Defendants supplemented their responses to 7-Eleven's discovery requests.  7-Eleven relies upon the supplemented responses for this motion.  Attached as Kurtz Aff., Ex. A is a complete copy of Plaintiff Dhananjay Patel's Responses to Defendant 7-Eleven's First Set of Interrogatories [Amended August 30, 2019] (the "Dhanajay Patel Answers").  Attached as Kurtz Aff., Ex. B is a complete copy of Plaintiff Safdar Hussain's Responses to Defendant 7-Eleven's First Set of Interrogatories [Amended August 30, 2019] (the "Hussain Answers").  Attached as Kurtz Aff., Ex. C is a complete copy of Plaintiff Vatsal Chokshi/Third Party Defendants DP NEWTO1 and DP Jersey Inc.'s Responses to Defendant 7-Eleven's First Set of Interrogatories [Amended August 30, 2019] (the "Chokshi Answers").  Attached as Kurtz Aff., Ex. D is a complete copy of Plaintiff Dhaval Patel/Third Party Defendant DP Tremont Street Inc.'s Responses to Defendant 7-Eleven's First Set of Interrogatories [Amended August 30, 2019] (the "Dhaval Patel Answers").  Attached as Kurtz Aff., Ex. E is a complete copy of Plaintiff Niral Patel/Third Party Defendant DP Milk Street Inc.'s Responses to Defendant 7-Eleven's First Set of Interrogatories [Amended August 30, 2019] (the "Niral Patel Answers").  Attached as Kurtz Aff., Ex. F is a complete copy of Plaintiff Dhananjay Patel's Responses to Defendant 7-Eleven's First Set of Requests for Production [Amended August 30, 2019] (the "Dhananjay Patel RPD Responses").  Attached as Kurtz Aff., Ex. G is a complete copy of Plaintiff Safdar Hussain's Responses to Defendant 7-Eleven's First Set of Requests for Production [Amended August 30, 2019] (the "Hussain RPD Responses").  Attached as Kurtz Aff., Ex. H is a complete copy of Plaintiff Vatsal Chokshi/Third Part Defendants DP NEWTO1 and DP Jersey Inc.'s Responses to Defendant 7-Eleven's First Set of Requests for Production [Amended August 30, 2019] (the "Chokshi RPD Responses").  Attached as Kurtz Aff., Ex. I is a complete copy of Plaintiff Dhaval Patel/Third Party Defendants DP Tremont Street Inc.'s Responses to Defendant 7-Eleven's First Set of Requests for Production [Amended August 30, 2019] (the "Dhaval Patel RPD Responses").  Attached as Kurtz Aff., Ex. J is a complete copy of Plaintiff Niral Patel/Third Party Defendants DP Milk Street Inc.'s  Responses to Defendant 7-Eleven's First Set of Requests for Production [Amended August 30, 2019] (the "Niral Patel RPD Responses").

[3] The parties conducted a Rule 37.1 conference by telephone on August 2, 2019.  The conference lasted approximately 45 minutes.  Attorneys Matthew J. Iverson and Jamie Kurtz represented 7-Eleven and attorney Michelle Cassorla represented the Named Plaintiffs and the Third-Party Defendants.  Attorneys Kurtz and Cassorla subsequently exchanged several emails clarifying the issues that the parties were able to resolve.  Attached as Kurtz Aff., Ex. K is an excerpt of that email exchange.

WEST\287809969.4

the Named Plaintiffs and Third-Party Defendants agreed to make payments to 7-Eleven, including franchise fees and certain related charges, such as advertising fees.  Each Named Plaintiff and Third-Party Defendant acknowledged in their Franchise Agreement that they are an independent contractor and not an employee of 7-Eleven.

Despite this acknowledgement, the Named Plaintiffs allege in their Complaint that 7-Eleven has violated the Massachusetts Independent Contractor Law, the Massachusetts Wage Act, and the Massachusetts Minimum Wage Law by improperly classifying them as independent contractors.  As a result, the Named Plaintiffs claim that they have been deprived of benefits to which actual employees may be entitled.  The Named Plaintiffs further claim that 7-Eleven has taken improper deductions from their "pay" for certain business-related expenses, insurance, and employee payroll taxes.

7-Eleven contends that the Named Plaintiffs and Third-Party Defendants are independent contractors as stated in the Franchise Agreements.  Consequently, in its written discovery, 7-Eleven seeks documents, communications, and information relating to the Named Plaintiffs' and Third-Party Defendants' finances, as that is directly relevant to the Named Plaintiffs' claims and 7-Eleven's defenses.  The Named Plaintiffs and Third-Party Defendants have refused to produce much of the financial information sought by 7-Eleven, in addition to other unrelated requests, and 7-Eleven now moves for an order compelling the Named Plaintiffs and Third-Party Defendants to do so.

**ARGUMENT**

The Named Plaintiffs' and Third-Party Defendants' document productions and written discovery responses suffer from several deficiencies.  Section I addresses those deficiencies

3

concerning specific categories of documents, communications, and information.  Section II addresses the Named Plaintiffs' interrogatory responses that fail to comply with Local Rule 26.5.

**I.      Named Plaintiffs' and Third-Party Defendants' Refusal to Produce Specific Categories of Documents & Information**

**A.      Requests for Production of Tax Returns**

**Description of Requests & Deficient Responses:** <u>RPD No. 10</u> seeks all tax returns filed by the Named Plaintiffs and Third-Party Defendants, or that have been filed on the Named Plaintiffs' or Third-Party Defendants' behalf, since June 21, 2014.

During discussions between counsel for the Named Plaintiffs and 7-Eleven, the Named Plaintiffs agreed to produce their Schedule C forms.  *See Kurtz Aff., Ex. K*, August 16, 2019 Email from Michelle Cassorla, at 1.  Counsel for 7-Eleven reiterated their request for their entire tax returns.  *Id.* at August 20, 2019 Email from Jamie Kurtz.  The Named Plaintiffs and Third-Party Defendants each then provided written objections to the request "on the grounds that it is vague and ambiguous, overly broad, unreasonable in scope, unduly burdensome[,] . . . seeks information not relevant to this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence[,] . . . [and] to the extent it constitutes an invasion of privacy by inquiring into tax return information."  *Kurtz Aff., Ex. F*, Dhananjay Patel RPD Responses No. 10; *Kurtz Aff., Ex. G*, Hussain RPD Responses No. 10; *Kurtz Aff., Ex. H*, Chokshi RPD Responses No. 10; *Kurtz Aff., Ex. I*, Dhaval Patel RPD Responses No. 10; *Kurtz Aff., Ex. J*, Niral Patel RPD Responses No. 10.

**Argument:** The Named Plaintiffs and Third-Party Defendants may not limit discovery to the Schedule C forms of their tax returns because the statutes underlying the Named Plaintiffs' claims require 7-Eleven to understand the Named Plaintiffs' finances in order to mount a defense.

4

For tax returns to be discoverable, they "must be relevant to the action . . . [and] the information contained in the returns must not be otherwise obtainable." *Buntzman v. Springfield Redevelopment Auth.*, 146 F.R.D. 30, 32 (D. Mass. 1993); *see Pedraza v. Holiday Housewares*, *Inc.*, 203 F.R.D. 40, 43 (D. Mass. 2001) (same); *see also Halperin v. Berlandi*, 114 F.R.D. 8, 11 (D. Mass. 1986) ("Tax returns are subject to discovery as long as they are relevant to the subject matter of the action."). "The burden to show relevancy lies on the party seeking the returns; the party resisting disclosure bears the burden of establishing alternative sources for the information." *Buntzman*, 146 F.R.D. at 32 (citing *United States v. Bonanno Organized Crime Family of La Casa Nostra*, 119 F.R.D. 625, 627 (E.D.N.Y. 1998)).

The tax returns of the Named Plaintiffs and Third-Party Defendants are relevant to each of the statutory claims made by the Named Plaintiffs and 7-Eleven's defenses thereto. For example, the Named Plaintiffs have alleged that 7-Eleven violated the Massachusetts Independent Contractor Law. *See* Dkt. No. 1-1, Complaint ¶¶ 19-21. The Named Plaintiffs' and Third-Party Defendants' tax returns are the best source of information as to whether the Named Plaintiffs are "engaged in an independently established trade, occupation, profession or business" as required under Mass. Gen. L. c. 149, § 148B. *See Debnam v. FedEx Home Delivery*, No. 10-11025-GAO, 2013 WL 5434142, at *1 (D. Mass. Sept. 27, 2013) (assessing tax returns to determine, in part, the relationship between the parties under Mass. Gen. L. c. 149, § 148B); *Okeke v. Dynamex Operations East, Inc.*, No. 201002017, 2013 WL 7085617, at *2 (Mass. Super. Ct. Dec. 3, 2013) (Curran, J.) ("Attributes of legitimate independent businesses properly classified as independent contractors for the purposes of § 148B include . . . behaving as an independent business by, for example, filing business tax returns."). For the Third-Party Defendants, all of which are corporations, the Schedule C forms provide information on

5

dividends alone and would otherwise deprive 7-Eleven of relevant information such as income, exceptions, taxes paid, and the corporations' balance sheets. *See Kurtz Aff., Ex. L*, Form 1120, U.S. Corporation Income Tax Return. For the Named Plaintiffs' individual filings, the Schedule C form is not useful because Schedule C reports profits and losses for sole proprietorships. *See Kurtz Aff., Ex. M*, Form 1040, Schedule C, Profit or Loss from Business. The Named Plaintiffs operate their businesses through corporations, not sole proprietorships, but even if they did function as sole proprietors, the Schedule C form would still fail to provide key information such as gross income, taxes paid, credits, and deductions. *See id.* Additionally, the Named Plaintiffs' and Third-Party Defendants' income tax forms are also relevant the Named Plaintiffs' allegations that they earned less than minimum wage.

Accordingly, 7-Eleven seeks an order directing the Named Plaintiffs and Third-Party Defendants to supplement their document productions to include their complete tax returns during the time period specified.

### B.      Requests for Information on Assets

**Description of Requests & Deficient Responses:** 7-Eleven propounded two discovery requests relating to the Named Plaintiffs' and Third-Party Defendants' assets. In response, the Named Plaintiffs and Third-Party Defendants have objected and refused to produce any documents or information. RPD No. 13 seeks "[a]ll documents concerning any asset that you have owned (either in whole or in part) at any time since June 21, 2014, including, but not limited to, (a) bank statements, (b) estate or excise tax bills, (c) personal financial statements, (d) credit applications, (e) financial aid forms, (f) applications for any type of public assistance, and (g) life, property, auto, or casualty insurance applications." *Kurtz Aff., Ex. F*, Dhananjay Patel RPD Responses No. 13; *Kurtz Aff., Ex. G*, Hussain RPD Responses No. 13; *Kurtz Aff., Ex. H*,

6

Chokshi RPD Responses No. 13; *Kurtz Aff., Ex. I*, Dhaval Patel RPD Responses No. 13; *Kurtz Aff., Ex. J*, Niral Patel RPD Responses No. 13.  The Named Plaintiffs and Third-Party Defendants objected to this RPD as being "vague and ambiguous, unduly burdensome, overly broad, and unreasonable in scope[,]" "seek[ing] information not relevant to this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence" and "constitut[ing] an invasion of privacy."  *Kurtz Aff., Ex. F*, Dhananjay Patel RPD Responses No. 13; *Kurtz Aff., Ex. G*, Hussain RPD Responses No. 13; *Kurtz Aff., Ex. H*, Chokshi RPD Responses No. 13; *Kurtz Aff., Ex. I*, Dhaval Patel RPD Responses No. 13; *Kurtz Aff., Ex. J*, Niral Patel RPD Responses No. 13.

Similarly, Interrogatory No. 6 seeks identification of "every asset that you owned as of the time that the Class Action Complaint was filed by (1) duration for which you owned the asset; (2) value of the asset; and (3) location of the asset."  *Kurtz Aff., Ex. A*, Dhananjay Patel Answers No. 6; *Kurtz Aff., Ex. B*, Hussain Answers No. 6; *Kurtz Aff., Ex. C*, Chokshi Answers No. 6; *Kurtz Aff., Ex. D*, Dhaval Patel Answers No. 6; *Kurtz Aff., Ex. E*, Niral Patel Answers No. 6.  The Named Plaintiffs and Third-Party Defendants objected to this Interrogatory as "seek[ing] information outside the scope of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence" and "on the grounds that it constitutes an invasion of privacy" and refused to produce any documents.  *Kurtz Aff., Ex. A*, Dhananjay Patel Answers No. 6; *Kurtz Aff., Ex. B*, Hussain Answers No. 6; *Kurtz Aff., Ex. C*, Chokshi Answers No. 6; *Kurtz Aff., Ex. D*, Dhaval Patel Answers No. 6; *Kurtz Aff., Ex. E*, Niral Patel Answers No. 6.  In an effort to narrow the request, 7-Eleven offered to limit the request to assets with value in excess of $10,000 during the Rule 37.1 conference.

7

**Argument:**  Documents and information concerning assets owned by the Named Plaintiffs and the Third-Party Defendants are directly relevant to the Named Plaintiffs' claim and 7-Eleven's defenses thereto.  For example, in their Complaint, the Named Plaintiffs allege that "7-Eleven's franchisees do not work in an independently established trade, occupation, profession, or business," and that they "do not even make minimum wage."  Complaint ¶¶ 19, 22.  The Named Plaintiffs' and Third-Party Defendants' assets owned during the relevant time period of this litigation speak to the truth of both of those allegations.  This information is particularly important with respect to the Third-Party Defendants, as their corporate assets are relevant to whether these third-party corporations, as opposed to the Named Plaintiffs themselves, provided services to 7-Eleven. *See Debnam*, 2013 WL 5434142, at *1 (finding corporation's ownership of vehicles relevant to determination of whether plaintiff was "individual" within meaning of independent contractor statute).

In addition, details as to the assets owned by the Named Plaintiffs and Third-Party Corporations are relevant to the Named Plaintiffs' damages.  For example, if the Third-Party Defendant corporations, and not the Named Plaintiffs, owned assets used in the franchise business (such as insurance policies or licenses), then expenses related to those assets may not be recoverable by the Named Plaintiffs as damages.

Accordingly, 7-Eleven seeks an order directing the Named Plaintiffs and Third-Party Defendants to supplement their document production and to amend their responses to 7-Eleven's interrogatory to include documents and information concerning the Named Plaintiffs' and Third-Party Defendants' assets.

WEST\287809969.4

C.       **Requests for Information on Debts/Liabilities**

**Description of Requests & Deficient Responses:** 7-Eleven propounded two discovery requests relating to the Named Plaintiffs' and Third-Party Defendants' debts and liabilities.  The Named Plaintiffs and Third-Party Defendants objected to these requests and stated that they would not produce documents or responses accordingly.

In Interrogatory No. 7, 7-Eleven seeks identification of "every debt or any other liability owed to anyone else" as of the time that the Class Action Complaint was filed, including "a brief description of the debt or other liability, the amount of such debt or liability, and the person(s) to whom you owed the debt or other liability."  *Kurtz Aff., Ex. A*, Dhananjay Patel Answers No. 7; *Kurtz Aff., Ex. B*, Hussain Answers No. 7; *Kurtz Aff., Ex. C*, Chokshi Answers No. 7; *Kurtz Aff., Ex. D*, Dhaval Patel Answers No. 7; *Kurtz Aff., Ex. E*, Niral Patel Answers No. 7.  The Named Plaintiffs and Third-Party Defendants objected to this Interrogatory as "seek[ing] information outside the scope of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence" and "on the grounds that it constitutes an invasion of privacy."  *Kurtz Aff., Ex. A*, Dhananjay Patel Answers No. 7; *Kurtz Aff., Ex. B*, Hussain Answers No. 7; *Kurtz Aff., Ex. C*, Chokshi Answers No. 7; *Kurtz Aff., Ex. D*, Dhaval Patel Answers No. 7; *Kurtz Aff., Ex. E*, Niral Patel Answers No. 7.

In RDP No. 14, 7-Eleven seeks production of "[a]ll documents concerning any agreements to which you were a party since June 21, 2014, including, but not limited to, real-estate purchase and sale agreement mortgages, automobile purchase and financing agreements, credit applications, and insurance contracts."  *Kurtz Aff., Ex. F*, Dhananjay Patel RPD Responses No. 14; *Kurtz Aff., Ex. G*, Hussain RPD Responses No. 14; *Kurtz Aff., Ex. H*, Chokshi RPD Responses No. 14; *Kurtz Aff., Ex. I*, Dhaval Patel RPD Responses No. 14; *Kurtz Aff., Ex. J*, Niral

9

Patel RPD Responses No. 14.  The Named Plaintiffs and Third-Party Defendants refuse to produce documents responsive to this Request and contend that this is "vague and ambiguous, overly broad, unreasonable in scope, and unduly burdensome[,]" and "seek[ing] information not relevant to this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence."  *Kurtz Aff., Ex. F*, Dhananjay Patel RPD Responses No. 14; *Kurtz Aff., Ex. G*, Hussain RPD Responses No. 14; *Kurtz Aff., Ex. H*, Chokshi RPD Responses No. 14; *Kurtz Aff., Ex. I*, Dhaval Patel RPD Responses No. 14; *Kurtz Aff., Ex. J*, Niral Patel RPD Responses No. 14.

**Argument:** Documents and information concerning the debts and liabilities of the Named Plaintiffs and Third-Party Defendants are relevant for the same reasons that documents and information regarding assets are relevant: they will shed light on the Named Plaintiffs' and Third-Party Defendants' finances and corporate assets.  For example, if the Named Plaintiffs were able to finance a large home or an expensive car, that evidence is relevant to their claim to earn less than minimum wage.  Likewise, if the Third-Party Defendants have vehicle loans, that fact is relevant to the Named Plaintiffs' status as "individuals" in service to 7-Eleven.  *See, e.g.*, *Debnam*, 2013 WL 5434142, at *1.  In addition, as with the Named Plaintiffs' and Third-Party Defendants' assets, information regarding the debts and liabilities held by the Named Plaintiffs and Third-Party Defendants is relevant to the Named Plaintiffs' claims for damages.  If, for example, the Named Plaintiffs are seeking damages related to liabilities incurred by the corporate Third-Party Defendants, such as premiums paid on a Third-Party Defendants' insurance policy, then those payments may not be recoverable as damages.

Accordingly, 7-Eleven seeks an order directing the Named Plaintiffs and Third-Party Defendants to supplement their document productions and to amend their responses to

10

7-Eleven's interrogatory to include documents and information concerning the debts and liabilities held by the Named Plaintiffs and Third-Party Defendants.

### D. Requests for Income Information

**Description of Requests & Deficient Responses:** 7-Eleven propounded a document request, <u>RDP No. 11</u>, seeking "[a]ll documents that you have submitted to any person or entity from which you have received any form of income or compensation since June 21, 2014." *Kurtz Aff., Ex. F*, Dhananjay Patel RPD Responses No. 11; *Kurtz Aff., Ex. G*, Hussain RPD Responses No. 11; *Kurtz Aff., Ex. H*, Chokshi RPD Responses No. 11; *Kurtz Aff., Ex. I*, Dhaval Patel RPD Responses No. 11; *Kurtz Aff., Ex. J*, Niral Patel RPD Responses No. 11.  The Named Plaintiffs contend that this request is "vague and ambiguous, overly broad, unreasonable in scope, and unduly burdensome" and further object "to the extent that this request seeks information not relevant to this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence." *Kurtz Aff., Ex. F*, Dhananjay Patel RPD Responses No. 11; *Kurtz Aff., Ex. G*, Hussain RPD Responses No. 11; *Kurtz Aff., Ex. H*, Chokshi RPD Responses No. 11; *Kurtz Aff., Ex. I*, Dhaval Patel RPD Responses No. 11; *Kurtz Aff., Ex. J*, Niral Patel RPD Responses No. 11.

**Argument:** Documents submitted by the Named Plaintiffs and Third-Party Defendants to persons or entities from whom they received income or compensation are relevant to whether the Named Plaintiffs and Third-Party Defendants were engaged in an independently established trade or business.  For example, such documents may show that the Named Plaintiffs operated other convenience store businesses, or demonstrate corporate income generated by the Third-Party Defendants.  *See Okeke*, 2013 WL 7085617, at *2 (finding "substantial business income" earned by plaintiff's corporation relevant to Prong B inquiry under Massachusetts ICL).  They

11

are also relevant to Plaintiffs' claims that they worked overtime and earned less than minimum wage.

Accordingly, 7-Eleven seeks an order directing the Named Plaintiffs and Third-Party Defendants to supplement their document productions to include documents submitted to a person or entity from which they received income or compensation.

### E.    Requests for Employee Wage Information

**Description of Requests & Deficient Responses:** Interrogatory No. 19 seeks "a calculation of the wages that you paid to each person listed in your answer to Interrogatory # 18." *Kurtz Aff., Ex. A*, Dhananjay Patel Answers; *Kurtz Aff., Ex. B*, Hussain Answers; *Kurtz Aff., Ex. C*, Chokshi Answers; *Kurtz Aff., Ex. D*, Dhaval Patel Answers; *Kurtz Aff., Ex. E*, Niral Patel Answers. The Named Plaintiffs and Third-Party Defendants objected to this Interrogatory as being "vague and ambiguous, overly broad, and unreasonable in scope" and "to the extent this interrogatory seeks information beyond the scope of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence" and "seeks information which is already in the possession, custody, or control of 7-Eleven." *Kurtz Aff., Ex. A*, Dhananjay Patel Answers No. 19; *Kurtz Aff., Ex. B*, Hussain Answers No. 19; *Kurtz Aff., Ex. C*, Chokshi Answers No. 19; *Kurtz Aff., Ex. D*, Dhaval Patel Answers No. 19; *Kurtz Aff., Ex. E*, Niral Patel Answers No. 19.

**Argument:** The wages paid by the Named Plaintiffs and Third-Party Defendants to individuals who have performed work for them is relevant to the claims and defenses of this case. These wages go to the finances of the Named Plaintiffs and Third-Party Defendants as 7-Eleven franchisees. In addition, the use of subordinate employees to preform work is an indicia that the Named Plaintiffs are operating independent businesses, which would defeat their misclassification claim. *See Okeke*, 2013 WL 7085617, at *2. Accordingly, 7-Eleven seeks an

12

order directing the Named Plaintiffs and Third-Party Defendants to amend their interrogatory responses to include the wages of individuals who performed work for them during the period of the claim.

### F.    Plaintiffs' NLRA Privilege Objections

7-Eleven propounded several requests

- RPD No. 2 seeks "[a]ll documents constituting or concerning communications regarding the allegations contained in the Class Action Complaint, the allegations contained in the Counterclaims, 7-Eleven's relationship with its franchisees, or 7-Eleven's policies relating to its franchisees."

- RPD No. 16 seeks "[a]ll communications concerning any of the matters alleged n the Class Action Complaint or Third-Party Complaint, excluding any communications between you are your attorneys."

- RPD No. 23 seeks "[a]ll documents relating to your decision of whether or not to sign the 2019 Franchise Agreement with 7-Eleven."

- RPD No. 24 seeks "[a]ll documents concerning any groups to which you are a member involving 7-Eleven franchisees in Massachusetts, including, but not limited to, groups to which you are a member involving Paul Marino."

- Interrogatory No. 1 seeks identification of "any communications you have had concerning any of the allegations contained in the Class Action Complaint, the allegations contained in the Counterclaims, the allegations contained in the Third-Party Complaint, 7-Eleven's relationship with its franchisees, or 7-Eleven's policies relating to its franchisees."

- Interrogatory No. 8 seeks identification of "each person whom you believe or suspect is an employee, officer, or agent of 7-Eleven with whom you had any communications prior to, during, or after executing any agreement with 7-Eleven."

- Interrogatory No. 9 seeks identification of "each group to which you are a member involving 7-Eleven franchisees, including, but not limited to, groups to which you are a member involving Paul Marino."

The Named Plaintiffs and Third-Party Defendants, citing a 2003 decision by the National Labor Relations Board ("NLRB"), argue that communications, documents, and information responsive to these requests and interrogatories "are privileged under the National Labor

13

Relations Act." *See, e.g.*, *Kurtz Aff., Ex. A*, Dhananjay Patel Answers No. 1; *Kurtz Aff., Ex. H*, Chokshi RPD Responses No. 2. This objection is baseless.

**Argument:**

**1.      The NLRA Does Not Apply To 7-Eleven's Franchisees.**

By its text, the NLRA has no application to independent contractors. *See, e.g.*, *Supershuttle DFW, Inc.*, 367 NLRB No. 75 at \*2 (N.L.R.B. Jan. 25, 2019) ("Section 2(3) of the Act, as amended by the Taft-Hartley Act in 1947, excludes from the definition of a covered 'employee' 'any individual having the status of an independent contractor.'") (quoting 29 U.S.C. § 152(3)). Unlike Massachusetts, "to determine whether a worker is an employee or an independent contractor, the [NLRB] applies the common-law agency test." *Id.* That test

> involves application of the nonexhaustive common-law factors enumerated in the Restatement (Second) of Agency §220 (1958):
> (a) The extent of control which, by the agreement, the master may exercise over the details of the work.
> (b) Whether or not the one employed is engaged in a distinct occupation or business.
> (c) The kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision.
> (d) The skill required in the particular occupation.
> (e) Whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work.
> (f) The length of time for which the person is employed.
> (g) The method of payment, whether by the time or by the job.
> (h) Whether or not the work is part of the regular business of the employer.
> (i) Whether or not the parties believe they are creating the relation of master and servant.
> (j) Whether the principal is or is not in business.

*Id.* The NLRB has held that franchisees are independent contractors under this test. *See id.* at \*20 ("Having considered all of the common-law factors, we find, in agreement with the Acting Regional Director, that SuperShuttle established that its franchisees are independent

14

contractors."). This Court has not made any findings, nor have the Named Plaintiffs pled sufficient facts, to justify a different determination here.

### 2. Even If The NLRA Had Some Application, It Would Not Impact Discovery.

As far as 7-Eleven is aware, no federal court has ever held that the NLRA creates a privilege covering communications between an employee and a union – let alone between a franchisee and franchisee association as Plaintiffs argue in this case. Many federal judges, including Judge Saris, have rejected this idea. *See, e.g.*, *Degrandis v. Children's Hosp. Boston*, 203 F. Supp. 3d 193, 199-200 (D. Mass. 2016) (Saris, J.) (rejecting NLRA-based privilege claim); *Int'l Bhd. of Teamsters, Airline Div. vs. Frontier Airlines, Inc.*, No. 11-CV-02007-MSK-KLM, 2012 WL 1801979, at *5 (D. Colo. May 16, 2012) (collecting cases rejecting privilege); *Patterson v. Heartland Indus. Partners, LLP*, 225 F.R.D. 204, 207 (N.D. Ohio 2004) ("The Court finds no basis in these opinions for the creation or invocation of a NLRA privilege."); *Parra vs. Bashas' Inc.*, No. CIV 02-591-PHX RCB, 2003 WL 25781409, at *4 (D. Ariz. Oct. 2, 2003) ("The court first notes that neither the Union's briefings, nor its own research, has found any authority for the existence of a privilege for union-employee communications."). The Massachusetts Supreme Judicial Court has also rejected the argument that such a privilege exists under state law. *See Chadwick v. Duxbury Pub. Sch.*, 475 Mass. 645, 656 (2016) (rejecting union member-union privilege).

Although the Named Plaintiffs cite *In Re Guess?, Inc.*, 339 N.L.R.B. 432 (2003) for the proposition that a privilege does exist, *In Re Guess?* involved deposition questioning about the identity of union members in a worker's compensation case before the NLRB. Even assuming that decision had some contextual relevance here, it "is an administrative decision of the NLRB and is not binding on this court. It cannot be cited as authority for creating a new federal labor

15

relations privilege." *Degrandis*, 203 F. Supp. 3d at 199.  Moreover, "[t]his matter is a matter before the district court, and not the NLRB . . . Therefore, the Court has the ability to regulate the discovery before it and it is not required, nor was authority provided, which requires a federal court to adhere to decisions by the NLRB . . . in ascertaining privileges for use in federal court actions." *Aldapa vs. Fowler Packing Co. Inc.*, No. 1:15-cv-00420-DAD-SAB, 2016 WL 8738176, at *7 (E.D. Cal. Mar. 18, 2016) (rejecting argument that *In Re Guess?, Inc.* was authority for privilege objection).  The Court should therefore overrule the Named Plaintiffs' NLRA-based objection and order them to provide full responses in each instance that the Named Plaintiffs have raised it.

## II.   Named Plaintiffs' Insufficient Interrogatory Responses

### A.   Failure to Respond Under Local Rule 26.5

**Description of Requests & Deficient Responses:** 7-Eleven propounded several Interrogatories asking the Named Plaintiffs to state the basis of claims made in their Class Action Complaint.  While the Named Plaintiffs responded to some of these Interrogatories, they refused to do so for others.  Interrogatory No. 17 and Interrogatory No. 20 ask the Named Plaintiffs to state the bases of their claims that "7-Eleven's franchisees do not work in an independently established trade, occupation, profession, or business" and that "7-Eleven's rules go well beyond what would be reasonably necessary for it to maintain its franchise brand" respectively.  *Kurtz Aff., Ex. A*, Dhananjay Patel Answers Nos. 17, 20; *Kurtz Aff., Ex. B*, Hussain Answers Nos. 17, 20; *Kurtz Aff., Ex. C*, Chokshi Answers Nos. 17, 20; *Kurtz Aff., Ex. D*, Dhaval Patel Answers Nos. 17, 20; *Kurtz Aff., Ex. E*, Niral Patel Answers Nos. 17, 20.  The Named Plaintiffs refused to respond to both Interrogatories on the grounds that they call for a legal conclusion.  *See Kurtz Aff., Ex. A*, Dhananjay Patel Answers Nos. 17, 20; *Kurtz Aff., Ex. B*, Hussain Answers Nos. 17,

16

20; *Kurtz Aff., Ex. C*, Chokshi Answers Nos. 17, 20; *Kurtz Aff., Ex. D*, Dhaval Patel Answers Nos. 17, 20; *Kurtz Aff., Ex. E*, Niral Patel Answers Nos. 17, 20.

**Argument:** The information sought by 7-Eleven in the above-mentioned Interrogatories is obviously relevant to the claims and defenses at issue. "Contention interrogatories are a proper means to establish the factual and legal bases for the adverse party's claims." *Eveden, Inc. v. The N. Assurance Co. of Am.*, No. 10-10061-GAO, 2012 WL 12345021, at *1 (D. Mass. Feb. 7, 2012). Furthermore, 7-Eleven needs answers to its contention interrogatories now – rather than at the conclusion of discovery – because the Named Plaintiffs' responses will shape both 7-Eleven's discovery and deposition plan and its case strategy going forward. For example, the Named Plaintiffs' responses could "expose a substantial basis for a motion under Rule 11 or Rule 56, and thus lead to an expeditious and inexpensive determination of a lawsuit, or can lead to an early settlement of a case where the plaintiff discloses a strong basis in support of his claim." *King v. E.F. Hutton & Co., Inc.*, 117 F.R.D. 2, 6 n.5 (D.D.C. 1987); *see also Doe v. Mut. Of Omaha Ins. Co.*, No. 16-11381-GAO, 2017 WL 7795962, at *3 (D. Mass. Aug. 22, 2017) (granting motion to compel contention interrogatories because plaintiff "presumably has a Rule 11 basis for his various allegations in the Complaint").

With regard to the Named Plaintiffs' "legal conclusion" objection, under Local Rule 26.5, interrogatories requesting that a party state the basis of a claim, allegation, **or a legal conclusion**, are appropriate. *See L.R. 26.5(8)* (emphasis added). Indeed, the rule specifies how the receiving party must respond. Specifically, under Local Rule 26.5,

> [w]hen an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall
> (A) identify each and every document (and, where pertinent, the section, article, or subsection thereof), which forms any part of the source of the party's information regarding the alleged facts or **legal conclusions** referred to by the interrogatory;

(B) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or **legal conclusions** referred to by the interrogatory;
(C) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or **legal conclusions** referred to in the interrogatory; and
(D) state separately any other fact which forms the basis of the party's information regarding the alleged facts or **conclusions** referred to in the interrogatory.

*Id.* (emphasis added).  Accordingly, 7-Eleven seeks an order directing the Named Plaintiffs to respond to Interrogatory No. 17 and Interrogatory No. 20 consistent with Local Rule 26.5.

**B.        Incomplete Responses Under Local Rule 26.5**

**Description of Requests & Deficient Responses:** 7-Eleven propounded an interrogatory to each of the Named Plaintiffs, Interrogatory No. 21, asking that they "[p]lease state the basis of your claim in paragraph 22 of the Class Action Complaint that '7-Eleven's franchisees frequently do not even make minimum wage.' Please include in your answer each instance in which you claim you received less than a minimum wage, including the wages you claim you received and the hours that you claim you have worked."  *Kurtz Aff., Ex. A*, Dhananjay Patel Answers No. 22; *Kurtz Aff., Ex. B*, Hussain Answers No. 22; *Kurtz Aff., Ex. C*, Chokshi Answers No. 22; *Kurtz Aff., Ex. D*, Dhaval Patel Answers No. 22; *Kurtz Aff., Ex. E*, Niral Patel Answers No. 22.

Named Plaintiffs Dhananjay Patel, Vatsal Chokshi, Dhaval Patel, and Niral Patel evasively provided one example each of a month in which they were allegedly paid less than minimum wage.  *See Kurtz Aff., Ex. A*, Dhananjay Patel Answers No. 22; *Kurtz Aff., Ex. C*, Chokshi Answers No. 22; *Kurtz Aff., Ex. D*, Dhaval Patel Answers No. 22; *Kurtz Aff., Ex. E*, Niral Patel Answers No. 22.  They did not indicate that they would provide additional data

18

concerning other months.  Alternatively, Named Plaintiff Safdar Hussain objected to the interrogatory outright as "call[ing] for a legal conclusion" and "seek[ing] information already in the possession, custody, or control of 7-Eleven."  *Kurtz Aff., Ex. B*, Hussain Answers No. 22.  He provided no substantive response.

**Argument:**  If Named Plaintiffs intend to claim minimum wage damages, 7-Eleven is entitled to know the amount and bases for those damages.  The Named Plaintiffs know how many hours they worked, and they know what salary they paid themselves and what franchise profits they retained for themselves.  Even assuming that 7-Eleven had some way to accurately estimate that information (and it does not), Plaintiffs still have an obligation to provide it in discovery.  *See Commonwealth v. Ortho-McNeil-Janssen Pharm., Inc.*, No. 2011-2811-BLS 2, 2012 WL 5392617, at \*4 (Mass. Super. Ct. Oct. 5, 2012) (Sanders, J.) (overruling objection to motion to compel that documents were already in defendant's possession because defendant "is entitled to know what information the [plaintiff] is relying on in support of its claim").  The Named Plaintiffs' inclusion of only month of data as an example is evasive and, "'[a]n evasive or incomplete' answer to an interrogatory constitutes a failure to answer the interrogatory." *Xinrong Zhuang v. Saquet*, No. 09-12163-NMG, 2013 WL 6410355, at \*1 (D. Mass. Dec. 6, 2013) (citing Fed. R. Civ. P. 37(a)(4)).  Likewise, Safdar Hussain's failure to provide any response at all deprives 7-Eleven of information it needs to defend against his claims.  For the same reasons stated above regarding Interrogatory No. 17 and Interrogatory No. 20, the absence of the a complete response (or a response at all in the case of Safdar Hussain) risks drawing out this litigation unnecessarily.

Accordingly, 7-Eleven seeks an order directing the Named Plaintiffs to amend their Interrogatory responses to identify each and every instance in which they allege that they were

19

WEST\287809969.4

paid less than minimum wage.  If the Named Plaintiffs will not do that, then the Court should

preclude them from seeking minimum wage damages.


                                     By their attorneys,

                                     DLA PIPER LLP (US)

                                     By:    *Matthew J. Iverson*
                                     Matthew J. Iverson (BBO No. 653880)
                                     Jennifer C. Brown (BBO No. 681442)
                                     Jamie Kurtz (BBO No. 703588)
                                     DLA PIPER LLP (US)
                                     33 Arch Street, 26th Floor
                                     Boston, MA 02110-1447
                                     (617) 406-6000 (*telephone*)
                                     (617) 406-6100 (*facsimile*)
                                     *matthew.iverson@dlapiper.com*
                                     *jennifer.brown@dlapiper.com*
                                     *jamie.kurtz@dlapiper.com*

                                     Norman M. Leon (admitted *pro hac vice*)
                                     DLA PIPER LLP (US)
                                     444 West Lake Street, Suite 900
                                     Chicago, IL 60606
                                     (312) 368-4000
                                     *Norman.leon@dlapiper.com*

                                     *Counsel for Defendant*

 Dated: October 14, 2019

## CERTIFICATE OF SERVICE

        I, Matthew J. Iverson, hereby certify that a true copy of the foregoing document filed
through the ECF system will be sent electronically to the registered participants as identified on
the Notice of Electronic Filing, and paper copies will be sent by first-class mail to those
indicated as non-registered participants on October 14, 2019.

                                           /s/ *Matthew J. Iverson*

WEST\287809969.4