UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DHANANJAY PATEL, SAFDAR HUSSAIN, VATSAL CHOKSHI, DHAVAL PATEL, and NIRAL PATEL, and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> 7-ELEVEN, INC., <br><br> Defendant/Third-Party Plaintiff, <br><br> v. <br><br> DPNEWTO1, DP TREMONT STREET INC., DP MILK STREET INC., and DP JERSEY INC., <br><br> Third-Party Defendants. | Civil Action No. 17-11414-NMG |

ORDER ON MOTION TO COMPEL
[Docket No. 86][1]

December 16, 2019

Boal, M.J.

This is a putative class action brought by plaintiffs Dhananjay Patel, Safdar Hussain,

Vatsal Chokshi, Dhaval Patel and Niral Patel on behalf of individuals who have acquired

franchises from defendant 7-Eleven, Inc. in the Commonwealth of Massachusetts.  Plaintiffs

allege that 7-Eleven violated the Massachusetts wage laws by improperly classifying them as

---

[1] Citations to "Docket No. ___" are to documents appearing on the Court's electronic docket. They reference the docket number assigned by CM/ECF, and include pincites to the page numbers appearing in the top right corner of each page within the header appended by CM/ECF.

1

independent contractors and paying them less than minimum wage. Docket No. 1-1. 7-Eleven has filed counterclaims against the plaintiffs and a third-party complaint against DPNEWTO1, DP Tremont Street Inc., DP Milk Street Inc. and DP Jersey Inc., which are limited liability companies through which Chokshi, Dhaval Patel and Niral Patel contracted to perform work for 7-Eleven. Docket Nos. 52, 53 at ¶¶ 2-5.[2] 7-Eleven seeks declaratory relief to void the franchise agreements and damages based on breach of contract and indemnification claims. Docket No. 53 at ¶¶ 25-33.

7-Eleven has filed a motion to compel the plaintiffs and/or third-party defendants (together, the "franchisees") to: (1) produce their complete tax returns from June 21, 2014 to the present;[3] (2) supplement their discovery responses to include documents and information concerning their finances; (3) supplement their discovery responses in which they have raised objections based on the National Labor Relations Act ("NLRA"); and (4) provide full and complete responses to interrogatories 17, 20 and 21 in accordance with Local Rule 26.5. Docket No. 86. Plaintiffs opposed the motion and 7-Eleven filed a reply brief. Docket Nos. 98, 101. This Court heard oral argument on November 13, 2019. For the following reasons, this Court grants in part and denies in part the motion.[4]

---

[2] Chokshi is affiliated with DPNEWTO1 and DP Jersey Inc. Docket No. 53 at ¶¶ 2, 5. Dhaval Patel is affiliated with DP Tremont Street Inc. Id. at ¶ 3. Niral Patel is affiliated with DP Milk Street Inc. Id. at ¶ 4. At oral argument, plaintiffs explained that the third-party defendants are essentially alter egos of the individuals with whom they are affiliated. In that vein, the opposition memorandum focuses on the plaintiffs, but presents arguments on behalf of both the plaintiffs and the third-party defendants, all of which are represented by the same counsel. See Docket No. 98.

[3] At oral argument, 7-Eleven explained that the June 21, 2014 date refers to the three-year lookback period for statute of limitations purposes.

[4] Judge Gorton referred this motion to the undersigned on October 15, 2019. Docket No. 89.

I.      STANDARD OF REVIEW

"Discovery procedures set forth in the Federal Rules of Civil Procedure seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information." Cartel Asset Mgmt. v. Ocwen Fin. Corp., No. 01-cv-01644-REB-CBS, 2010 WL 502721, at *9 (D. Colo. Feb. 8, 2010) (citing United States ex rel. Schwartz v. TRW, Inc., 211 F.R.D. 388, 392 (C.D. Cal. 2002)).  To that end, Rule 26(b) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  Factors that must be considered in weighing proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

II.     DISCUSSION

        A.      Tax Returns

7-Eleven seeks all tax returns filed by the franchisees since June 21, 2014.[5]  The franchisees submit that the tax returns are highly confidential and implicate the privacy interests of non-parties because the plaintiffs filed their returns jointly with their spouses.  Docket No. 98 at 2-5 & n.1.

Tax returns do not enjoy an absolute privilege from discovery. Buntzman v. Springfield Redevelopment Auth., 146 F.R.D. 30, 32 (D. Mass. 1993) (citing St. Regis Paper Co. v. United States, 368 U.S. 208, 218-19 (1961)).  Income tax returns generally are discoverable where the

---

[5] See Request for the production of documents ("RFP") 10; corporate RFP 9.  Docket No. 87 at 4-6; see, e.g., Docket No. 88-8 at 8.  The corporate RFPs and interrogatories are identical to their non-corporate versions but are numbered differently, as indicated herein.

returns are relevant to the claims of the parties and the information is not readily available in another form.  Viscito v. Nat'l Planning Corp., No. CV 3:18-30132-MGM, 2019 WL 5318228, at *3 (D. Mass. Oct. 21, 2019).  Courts in this district have specifically found that tax returns of representative plaintiffs in employment and wage cases are highly relevant and discoverable.  Id. at *4 (citing Torrezani v. VIP Auto Detailing, Inc., 318 F.R.D. 548, 555 n.4 (D. Mass. 2017)).[6] "The burden to show relevancy lies on the party seeking the returns; the party resisting disclosure bears the burden of establishing alternative sources for the information."  Buntzman, 146 F.R.D. at 32 (citation omitted).

Here, plaintiffs' wage and misclassification claims have put their income squarely at issue.  The franchisees argue that 7-Eleven can obtain the necessary financial information from less intrusive means such as their Schedule C forms.  Docket No. 98 at 2-5.  However, the franchisees have not established that these alternative sources are adequate substitutes for tax returns.  7-Eleven has specifically identified information unique to tax returns that is most accurately reflected in those returns.  See Docket No. 87 at 5-6.  In addition, the privacy concerns that the franchisees raise either do not apply to the third-party corporate defendants' returns or in plaintiffs' case, may be minimized with redactions.  Accordingly, this Court grants the motion to compel tax returns.  However, the plaintiffs may redact information in their tax returns that is particular to their spouses.

B.      Assets And Debts/Liabilities Information

7-Eleven seeks documents and information concerning assets, debts and liabilities.[7]

---

[6] In Torrezani, Judge Hillman noted that he was "at a loss as to why a plaintiff asserting a claim for failure to pay appropriate wages would take the position that [tax returns are] not discoverable."  Torrezani, 318 F.R.D. at 555 n.4.

[7] See RFPs 13, 14; corporate RFPs 11, 12; interrogatories 6, 7; corporate interrogatories 5, 6. Docket No. 87 at 6-11; see, e.g., Docket Nos. 88-4 at 6; 88-8 at 9-10.

While there is no dollar limit in the actual discovery requests, 7-Eleven offered to limit the requests to assets over $10,000.  Docket No. 87 at 7.

These requests are overbroad.  7-Eleven has not sufficiently connected the dots between this information and its claims in this case.  In addition, responses would require the franchisees to catalog a significant amount of information with very little apparent benefit to 7-Eleven.  The undersigned therefore denies the motion to compel with respect to these requests.

C.      Income Information

7-Eleven seeks "[a]ll documents that you have submitted to any person or entity from which you have received any form of income or compensation since June 21, 2014."[8]  In its reply brief, 7-Eleven narrowed this request to documents that concern the identity of the person that provided income to the plaintiffs, the amount of that income and the nature and amount of work the plaintiffs performed in exchange for that income.  Docket No. 101 at 5 n.4.

This request, even as modified, is overbroad.  7-Eleven has not persuasively argued that it is proportional to the needs of the case.  Accordingly, this Court denies the motion to compel responses to these discovery requests.

D.      Employee Wage Information

In interrogatory 19 (corporate interrogatory 12),[9] 7-Eleven seeks a calculation of the wages that the franchisees paid to each person listed in response to interrogatory 18 (corporate interrogatory 11).[10]

---

[8] See RFP 11; corporate RFP 10.  Docket No. 87 at 11-12; see, e.g., Docket No. 88-8 at 8.
[9] Docket No. 87 at 12-13; see, e.g., Docket No. 88-4 at 12.
[10] Interrogatory 18 seeks the identity of "each person who has performed work in the Store operated by you and/or your Franchise or services for your Franchise, and specify the work or services they performed and the dates on which they performed it."  Docket No. 88-4 at 11.

7-Eleven has not adequately established the relevance of this information, as well as its proportionality to the issues in the case.  In any event, the franchisees have already agreed to respond to RFP 20 (corporate RFP 18)[11] which seeks substantially similar information.

E.      NLRA Privilege Objections

7-Eleven seeks responses to several requests[12] to which the franchisees have objected on the grounds that the requests seek protected communications between the franchisees about their terms of employment in violation of Sections 7 and 8(a)(1) of the NLRA.[13]

This objection is not persuasive.  Evidentiary privileges in federal courts are governed by Rule 501 of the Federal Rules of Evidence, which directs federal courts to look to state privilege law to determine the existence of the asserted privilege in civil actions where state substantive law supplies the rule of decision for a claim or defense.  Gargiulo v. Baystate Health, Inc., 826 F. Supp. 2d 323, 324-25 (D. Mass. 2011); Fed. R. Evid. 501.  Accordingly, in diversity jurisdiction cases, courts usually apply state privilege law to all state claims.  Gargiulo, 826 F. Supp. 2d at 325.  The party claiming the privilege has the burden of establishing its existence.  United States v. Lilly, 185 F.R.D. 113, 115 (D. Mass. 1999).

The Massachusetts Supreme Judicial Court has expressly declined to recognize a privilege that protects communications between a union member and his or her union

---

[11] RFP 20 seeks "[a]ll documents concerning each employee or other person who has performed work in your Store or for your Franchise, including all documents concerning the wages you paid to those persons and the taxes withheld on their behalf."  Docket No. 88-8 at 12.

[12] See RFPs 2, 16, 23, 24; corporate RFPs 2, 14, 21, 22; interrogatories 1, 8, 9; interrogatories 1, 7, 8.  Docket No. 87 at 13-16; see, e.g., Docket Nos. 88-4 at 3, 6, 7; 88-8 at 4, 9-10; 13, 14.

[13] Section 7 provides that "[e]mployees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection. . . ." 29 U.S.C. § 157.  Section 8 provides that "[i]t shall be an unfair labor practice for an employer . . . to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed" in Section 7.  Id. § 158(a)(1).

representative.  Chadwick v. Duxbury Pub. Schs., 475 Mass. 645, 656 (2016).  In addition, the franchisees have pointed to no cases from Massachusetts courts (or the National Labor Relations Board) that recognize a privilege protecting communications between entities or persons such as the franchisees.  This Court declines to do so on the facts presented here.

Nevertheless, the franchisees also object to these requests on the basis of relevance. Docket No. 98 at 11.

1.      RFP 2; Interrogatory 1

RFP 2 (corporate RFP 2) seeks all documents constituting or concerning communications regarding the allegations in the complaint, counterclaims, 7-Eleven's relationship with its franchisees, or 7-Eleven's policies relating to its franchisees, involving 7-Eleven; plaintiffs; any other current or former 7-Eleven franchisee; the National Coalition of Associations of 7-Eleven Franchisees; and any employee or agent of the National Coalition of Associations of 7-Eleven Franchisees.[14]  Interrogatory 1 (corporate interrogatory 1) asks that the franchisees identify any such communications.[15]

These requests are vague and overbroad insofar as they seek all communications on a multitude of general topics without definition among multiple entities and persons.  Accordingly, this Court denies the motion to compel as to RFP 2 (corporate RFP 2)[16] and interrogatory 1 (corporate interrogatory 1).

---

[14] See, e.g., Docket No. 88-8 at 4.

[15] See, e.g., Docket No. 88-4 at 3.

[16] This Court therefore also denies the motion to compel a response to RFP 16 (corporate RFP 14) which seeks the same information.  See, e.g., Docket No. 88-8 at 10 ("All communications concerning any of the matters alleged in the Class Action Complaint or Third-Party Complaint, excluding any communications between you and your attorneys.").

### 2.   RFP 23

RFP 23 (corporate RFP 21) seeks all documents relating to the franchisees' decision to sign (or not to sign) the 2019 7-Eleven franchise agreement.[17]

7-Eleven allegedly seeks this information to understand the basis of any challenge plaintiffs may make to the admissibility of releases in those agreements.  Docket No. 101 at 7 n.5.  This rationale is too speculative to justify compelling the production of these documents. The motion is therefore denied with respect to these discovery requests.

### 3.   RFP 24; Interrogatory 9

RFP 24 (corporate RFP 22) and interrogatory 9 (interrogatory 8) seek information concerning the franchisees' membership in groups involving other Massachusetts 7-Eleven franchisees.[18]

7-Eleven has not adequately shown the relevance of this information to the claims and defenses in this case.  In any event, plaintiffs have responded to interrogatory 9 (corporate interrogatory 8).[19]  This Court therefore denies the motion to compel responses to RPF 24 (corporate RFP 22) and interrogatory 9 (corporate interrogatory 8).

### 4.   Interrogatory 8

Interrogatory 8 (corporate interrogatory 7) asks the franchisees to identify each employee, officer or agent of 7-Eleven with whom they communicated prior to, during, or after executing any agreement with 7-Eleven.[20]

---

[17] See, e.g., Docket No. 88-8 at 13.

[18] See, e.g., Docket Nos. 88-4 at 7; 88-8 at 14.

[19] See, e.g., Docket Nos. 88-1 at 7 (Dhananjay Patel); 88-2 at 7 (Safdar Hussain); 88-3 at 7 (Vatsal Chokshi/ DPNEWTO1/ DP Jersey); 88-4 at 7 (Dhaval Patel/ DP Tremont Street); 88-5 at 7 (Niral Patel/ DP Milk Street).

[20] See, e.g., Docket No. 88-4 at 7.

This request seeks information about the relationship between the franchisees and 7-Eleven and is therefore generally relevant.  In its current form, however, it is overbroad.  Interrogatory 8 essentially seeks the identity of any 7-Eleven employee, officer and/or agent with whom the franchisees have ever communicated.  This Court finds that the franchisees need only identify the specific 7-Eleven employees, officers and/or agents with whom they communicated for a three-month period before executing any agreement with 7-Eleven between June 21, 2014 and June 21, 2017.

F.      Contention Interrogatories

Interrogatories 17, 20 and 21[21] ask plaintiffs to "state the basis" for certain claims in the complaint.[22]

An interrogatory may ask for an opinion or contention that relates to a fact or the application of law to fact.  Fed. R. Civ. P. 33(a)(2).  Indeed, "[c]ontention interrogatories are a proper means to establish the factual and legal bases for the adverse party's claims."  Eveden, Inc. v. The N. Assurance Co. of Am., No. 10-10061-GAO, 2012 WL 12345021, at *1 (D. Mass. Feb. 7, 2012) (citation omitted).

These are proper contention interrogatories that are not premature.  Plaintiffs must therefore respond to these requests with the information they now have and, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, supplement those responses with additional information where appropriate in the future.

Interrogatory 21 requests that plaintiffs state the basis for their claim that "7-Eleven's

---

[21] There are no corporate analogs to interrogatories 17, 20 and 21. See Docket No. 88-8 at 11-13.

[22] Docket No. 87 at 16-20; see, e.g., Docket Nos. 88-1 at 10-12.

9

franchisees frequently do not even make minimum wage."[23]  In response, plaintiffs provided only one months' worth of this information, but offered to supplement their responses with broad estimates of hours worked.  Docket No. 98 at 13.  Neither is sufficient.  7-Eleven is entitled to discover plaintiffs' support for the allegation that they frequently do not make minimum wage. Accordingly, this Court grants the motion to compel responses to interrogatories 17, 20 and 21.

III.    ORDER

For the foregoing reasons, this Court

- grants the motion to compel responses to RFP 10 (with redactions), corporate RFP 9, as well as interrogatories 17, 20 and 21;

- grants in part and denies in part the motion with respect to interrogatory 8 and corporate interrogatory 7; and

- denies the motion with respect to RFPs 2, 11, 13, 14, 16, 23 and 24; corporate RFPs 2, 10, 11, 12, 14, 21 and 22; interrogatories 1, 6, 7, 9 and 19; and corporate interrogatories 1, 5, 6, 8 and 12.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

---

[23] See, e.g., Docket No. 88-1 at 12 (citing Docket No. 1-1 at ¶ 22).