UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DHANANJAY PATEL, SAFDAR HUSSAIN, VATSAL CHOKSHI, DHAVAL PATEL, and NIRAL PATEL, and others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>7-ELEVEN, INC.<br><br>*Defendant/Third-Party Plaintiff*,<br><br>v.<br><br>DPNEWTO1, DP TREMONT STREET INC., DP MILK STREET INC., and DP JERSEY INC.,<br><br>*Third-Party Defendants*. | Case No. 1:17-cv-11414-NMG |

## **DEFENDANT 7-ELEVEN, INC.'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs' Complaint asks this Court to accept a proposition no other court in the country has ever accepted: that Defendant 7-Eleven Inc. ("7-Eleven"), one of the largest and most well-recognized franchisors in the United States, is the employer of its franchisees. These franchisees own businesses that generate over a million dollars in revenue, work if and when they want, and have their own employees.

7-Eleven moves for summary judgment on three grounds. First, it is settled law that G.L. c. 149, § 148B (the Massachusetts Independent Contractor Law, or "Massachusetts ICL") – the statute that Plaintiffs argue converts 7-Eleven's franchisees into employees – only applies to contractual relationships where the prospective employee provides services to the prospective

employer.  That is not the case here.  In this case, it is an undisputed fact that the Plaintiffs (or their corporations) pay 7-Eleven for services that 7-Eleven provides to them, not the other way around.

Second, the Massachusetts Supreme Judicial Court has held that the Massachusetts ICL does not apply to relationships where a company's compliance with another legal requirement makes it impossible for that company to meet the ICL's three-prong test (known as the "ABC test") for independent contractor status.  That is the case here, because both the federal law that regulates the sale of franchised businesses (the Federal Trade Commission's ("FTC's") Franchise Rule, 16 C.F.R. § 436.1 *et seq.*) and the federal law that governs the licensing of trademarks (the Lanham Act, 15 U.S.C. § 1127) require that a franchisor exercise control over its franchisees' operations.  Because it requires that a worker be "free from control and direction in connection with the performance of the service," the Massachusetts ICL forecloses any franchisor from complying with its test.

Finally, 7-Eleven is entitled to summary judgment on Plaintiffs' minimum wage claims (Count III of the Complaint) brought by Plaintiffs Vatsal Chokshi and Safdar Hussain because both have conceded that they cannot identify any instance when they allegedly received less than a minimum wage.

For these reasons, and for the reasons set forth in the accompanying Memorandum, 7-Eleven respectfully requests that the Court enter summary judgment in 7-Eleven's favor and dismiss the Complaint.  In the alternative, 7-Eleven requests that the Court enter summary judgment on Plaintiffs Vatsal Chokshi and Safdar Hussain's minimum wage claims.

By its attorneys,

DLA PIPER LLP (US)

By:   */s/ Matthew J. Iverson*
Matthew J. Iverson (BBO No. 653880)
Jennifer C. Brown (BBO No. 681442)
Jamie Kurtz (BBO No. 703588)
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
(617) 406-6000 (*telephone*)
(617) 406-6100 (*facsimile*)
*matthew.iverson@dlapiper.com*
*jennifer.brown@dlapiper.com*
*jamie.kurtz@dlapiper.com*

Norman M. Leon (admitted *pro hac vice*)
DLA PIPER LLP (US)
444 West Lake Street, Suite 900
Chicago, IL 60606
(312) 368-4000
*Norman.leon@dlapiper.com*

*Counsel for Defendant*

Dated: March 27, 2020

## CERTIFICATE OF SERVICE

I, Matthew J. Iverson, hereby certify that a true copy of the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent by first-class mail to those indicated as non-registered participants on March 27, 2020.

/s/ *Matthew J. Iverson*

## LR 7.1 STATEMENT

I, Matthew J. Iverson, hereby certify that counsel for 7-Eleven offered on March 19, 2020 to hold a Rule 7.1 conference with counsel for Plaintiff. No conference was held because counsel for Plaintiffs indicated that such a conference would not be productive.

/s/ *Matthew J. Iverson*