United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| **Dhananjay Patel, et al.,** | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. |
| | ) | 17-11414-NMG |
| **7-Eleven, Inc., et al.,** | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

The United States Court of Appeals for the First Circuit ("First Circuit") has remanded an appeal of this Court's partial judgment entered pursuant to Fed. R. Civ. P. 54(b) on October 7, 2020. In accordance with the First Circuit's request, this Court now articulates the factors it considered and its reason for granting the Rule 54(b) certification.

The facts and procedural history are provided in detail in the Memorandum and Order entered on September 10, 2020, with which the Court assumes familiarity. For the sake of completeness, however, the Court briefly rehearses the background.

## I. Background

### A. The Parties

7-Eleven, Inc. ("7-Eleven") is a Texas corporation with its principal place of business in Texas. For more than 50 years, 7-Eleven has sold convenience store franchises. In addition to franchising, 7-Eleven operates corporate stores, which are managed and staffed by acknowledged 7-Eleven employees ("company-operated 7-Elevens"). As of 2018, there were approximately 1,700 company-operated 7-Elevens and 7,200 franchisee-operated 7-Elevens nationwide. Approximately 160 of those franchisee-operated 7-Elevens are in Massachusetts.

The named plaintiffs are residents of Massachusetts who acquired 7-Eleven franchises and work as store managers and clerks in Massachusetts.

### B. The Claims

Plaintiffs allege that 7-Eleven (1) misclassifies its franchisees as independent contractors instead of employees in violation of the Massachusetts Independent Contractor Law, Mass. Gen. L. c. 149, § 148B (Count I), (2) has violated the Massachusetts Wage Act, Mass. Gen. L. c. 149, § 148 (Count II) and (3) has violated the Massachusetts Minimum Wage Law, Mass. Gen. L. c. 151, §§ 1, 7 (Count III). Plaintiffs initially made

similar claims against two 7-Eleven market managers but this Court dismissed those claims in July, 2018.

7-Eleven has counterclaimed, (1) seeking declaratory judgment that the various franchise agreements are void (Counterclaim I); (2) for breach of contract (Counterclaim II); and (3) for contractual indemnity (Counterclaim III).  7-Eleven also filed a third-party complaint on the same grounds against third party corporate entities through which named plaintiffs contracted with 7-Eleven.

### C. Relevant Procedural History

In March, 2020, both parties timely filed cross motions for summary judgment and plaintiffs filed a motion for class certification.  In September, 2020, this Court allowed 7-Eleven's motion for summary judgment and denied the motions of plaintiffs for summary judgment and class certification.  As a result, plaintiffs' claims have been disposed of but 7-Eleven's counterclaims and third-party claims remain pending.

Shortly thereafter, plaintiffs filed an unopposed motion for (1) separate and final judgment on Counts I and II of their complaint to allow immediate appellate review and (2) a stay of adjudication of 7-Eleven's counterclaims and third party claims pending their appeal.  The Court allowed that motion and

subsequently entered judgment in favor of defendant on plaintiffs' claims against 7-Eleven on October 7, 2020. Plaintiffs appealed that order and others to the First Circuit, which retained jurisdiction of the appeal but remanded the case to this Court for a statement of reasons in support of the entry of judgment pursuant to Fed. R. Civ. P. 54(b).

## II. Statement of Reasons

### A. Legal Standard

Rule 54(b) permits a district court, in a multi-claim action, to direct entry of a final judgment "as to one or more, but fewer than all" of the claims if it "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Under that Rule, the Court is required to set forth reasons why judgment should be entered as to some but not all claims. See Quinn v. City of Boston, 325 F.3d 18, 26 (1st Cir. 2003) ("[I]f a district court wishes to enter a partial final judgment on the ground that there is no just reason for delay, it should not only make that explicit determination but should also make specific findings and set forth its reasoning."); Spiegel v. Trustees of Tufts College, 843 F.2d 38, 43 (1st Cir. 1988). Factors to be considered include

> (1) whether the disputed ruling is final; (2) whether the disputed ruling raises legal or factual issues that overlap

>      with any claims that remain pending in the district court;
>      and (3) how the equities and efficiencies of piecemeal
>      review would compare to those in a single proceeding.

Britton v. Maloney, 196 F.3d 24, 27 n.2 (1st Cir. 1999).

### B. Application

Each of the above factors weighs in favor of entering final judgment in favor of 7-Eleven on plaintiffs' claims.

First, the Court entered summary judgment on all of plaintiffs' claims against 7-Eleven. Accordingly, plaintiffs' claims have been completely disposed of and the order is a final judgment because it "provides an ultimate disposition on a cognizable claim for relief." Boston Prop. Exch. Transfer Co. v. Iantosca, 720 F.3d 1, 7 (1st Cir. 2013) (internal quotations and citations omitted).

Second, there is negligible overlap between the issues dealt with on summary judgment and those that remain pending in this Court. Summary judgment was entered in favor of 7-Eleven based on an analysis of the interaction between a series of regulations known as the "FTC Franchise Rule," 16 C.F.R. § 436.1 et seq., and the Massachusetts Independent Contractor Law ("Massachusetts ICL"). In contrast, 7-Eleven's counterclaims and third-party claims for declaratory judgment, breach of contract and contractual indemnity must be analyzed with respect

to the contractual obligations of each party under the franchise agreements.  Furthermore, 7-Eleven's counterclaim and third-party claim for declaratory judgment depend on a determination that plaintiffs are classified as employees.  If the summary judgment order is affirmed on appeal, those claims would be moot, weighing in favor of a determination that there is no just reason for delay. See Quinn, 325 F.3d at 27 (finding that the fact that some pending claims could be rendered moot on appeal "strongly supports the finding of no just reason for delay").

Finally, entry of final judgment in favor of 7-Eleven is in the interest of efficiency and judicial economy.  Because several of the pending counterclaims asserted by 7-Eleven could be rendered moot on appeal, it is more efficient to allow appellate review of this Court's order than to adjudicate the remaining potentially moot claims.  Furthermore, delaying entry of final judgment on plaintiffs' claims may prejudice 7-Eleven because the Court has already determined that there is no legal basis for its liability.

Accordingly, this Court finds that there is no just reason for delay in entering a judgment pursuant to Fed. R. Civ. P. 54(b) and permitting immediate appellate review of the core issue in this action.

**ORDER**

In compliance with the Order of the United States Court of Appeals for the First Circuit dated November 13, 2020, the foregoing statement of reasons is hereby entered in support of the Court's Separate and Final Judgment entered October 7, 2020.

**So ordered.**

/s/ Nathaniel M. Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated December 2, 2020