# United States Court of Appeals
# For the First Circuit

_____

No. 20-1999

DHANANJAY PATEL, SAFDAR HUSSAIN, VATSAL CHOKSHI, DHAVAL PATEL, and
NIRAL PATEL, on behalf of themselves and all others similarly situated,

Plaintiffs, Appellants,

v.

7-ELEVEN, INC.,

Defendant, Third-Party Plaintiff, Appellee,

MARY CARRIGAN; ANDREW BROTHERS,

Defendants,

DP MILK STREET INC.; DP JERSEY INC.; DP TREMONT STREET INC.; DPNEWT01,

Third-Party Defendants.

_____

Before

Thompson, Selya, and Hawkins,[*]

Circuit Judges.

_____

**JUDGMENT**

Entered:  April 25, 2022

Before the court is the plaintiffs' (a putative class of 7-Eleven franchisees) appeal from the
district court's grant of summary judgment in favor of defendant 7-Eleven on the plaintiffs' claims
that 7-Eleven misclassified them as independent contractors in violation of Mass. Gen. Laws ch.
149, §§ 148, 148B when, according to the plaintiffs, they should have been both classified and
compensated as 7-Eleven employees.  The district court concluded the plaintiffs could not prevail
on their state statutory claims because part of the Federal Trade Commission's Franchise Rule
("FTC Franchise Rule") regulating franchise businesses (16 C.F.R. § 436.1(h)) was in direct
conflict with one prong of the Massachusetts Independent Contractor Law ("ICL") governing the

_____

[*] Of the Court of Appeals for the Ninth Circuit, sitting by designation.

classification of employees vs. independent contractors (Mass. Gen. Laws ch. 149, § 148B(a)(1)), and the ICL could not apply in this case to 7-Eleven because the FTC Franchise Rule trumped the state law.

After hearing oral argument in the plaintiffs' appeal, we certified the following question of law to the Massachusetts Supreme Judicial Court ("SJC"):  "Whether the three-prong test for independent contractor status set forth in Mass. Gen. Laws ch. 149 § 148B applies to the relationship between a franchisor and its franchisee, where the franchisor must also comply with the FTC Franchise Rule." Patel v. 7-Eleven, Inc., 8 F.4th 26, 29 (1st Cir. 2021).  The SJC provided a thorough and helpful analysis explaining why the ICL both applies to the franchisor-franchisee relationship and does not conflict with the federal franchisor disclosure requirements in the FTC Franchise Rule.  See Patel v. 7-Eleven, Inc., 183 N.E.3d 398 (Mass. 2022).  Because the district court based its grant of summary judgment on a different legal conclusion, we directed the parties to show cause, if any, why the summary judgment entered in the defendant's favor should not be summarily vacated and the case remanded to the district court for further proceedings.

Not surprisingly, the plaintiffs favor vacating the judgment and remanding to the district court because the SJC's opinion means the district court erred in its rationale for granting summary judgment in 7-Eleven's favor.  7-Eleven did not submit a response.  We agree with the plaintiffs, and the district court's judgment dismissing the plaintiffs' claims against 7-Eleven is, therefore, **vacated** and we **remand** the case to the district court for further proceedings.  Costs awarded to the plaintiffs.

By the Court:

Maria R. Hamilton, Clerk

cc:  Hon. Nathaniel M. Gorton, Robert Farrell, Clerk, United States District Court for the District of Massachusetts, Shannon Erika Liss-Riordan, Adelaide H. Pagano, Michelle Cassorla, Matthew J. Iverson, Norman M. Leon, Jennifer C. Brown, Jamie L. Kurtz, Miles D. Norton