```
                    United States District Court
                      District of Massachusetts
```

|                          |   |                    |
|--------------------------|---|--------------------|
| **Dhananjay Patel, et al.,** | ) |                    |
|                          | ) |                    |
|      Plaintiffs,         | ) |                    |
|                          | ) |                    |
|      v.                  | ) | Civil Action No.   |
|                          | ) | 17-11414-NMG       |
| **7-Eleven, Inc., et al.,** | ) |                    |
|                          | ) |                    |
|      Defendants.         | ) |                    |
|                          | ) |                    |

**MEMORANDUM & ORDER**

**GORTON, J.**

This putative class action centers around allegations that 7-Eleven, Inc. ("7-Eleven" or "defendant") misclassified its franchisees as independent contractors in violation of the Massachusetts Independent Contractor Law, Mass. Gen. L. c. 149, § 148B.  Local 7-Eleven franchise store owners and operators, Dhananjay Patel, Safdar Hussain, Vatsal Chokshi, Dhaval Patel and Niral Patel (collectively "plaintiffs") brought this putative class action on behalf of themselves and a class of similarly situated individuals in the Commonwealth of Massachusetts.  In September, 2022, this Court entered summary judgment in favor of 7-Eleven on plaintiffs' claim that it misclassified them as independent contractors.  As a result,

-1-

only defendant's counterclaims and third-party claims against plaintiffs remain.

Pending before the Court is plaintiffs' motion for a separate and final judgment and to stay 7-Eleven's counterclaims and third-party claims.

## I. Background

In June, 2017, plaintiffs filed this class action alleging that 7-Eleven (1) misclassified the franchisees as independent contractors instead of employees in violation of the Massachusetts Independent Contractor Law, Mass. Gen. L. c. 149, § 148B (Count I) and (2) violated the Massachusetts Wage Act, Mass. Gen. L. c. 149, § 148 (Count II). Plaintiffs also asserted that 7-Eleven violated the Massachusetts Minimum Wage Law, Mass. Gen. L. c. 151, §§ 1, 7 (Count III) but voluntarily withdrew that claim in July, 2020.

In response, 7-Eleven counterclaimed for: (1) declaratory judgment that the plaintiffs' franchise agreements are void if plaintiffs are deemed employees rather than independent contractors (Counterclaim I), (2) breach of contract (Counterclaim II) and (3) contractual indemnity (Counterclaim III). 7-Eleven also filed third-party complaints against DPNEWTO1, Inc., DP Tremont Street, Inc., DP Milk Street, Inc. and DP Jersey, Inc., the four corporations on behalf of which

one of the named individual plaintiffs signed Franchise Agreements with 7-Eleven.

In March, 2020, both parties filed cross motions for summary judgment and plaintiffs filed a motion for class certification. This Court allowed summary judgment in favor of defendant 7-Eleven based on a purported conflict between the Massachusetts ICL and the federal franchisor disclosure requirements in the FTC Franchise Rule.

Shortly thereafter, plaintiffs filed an unopposed motion for separate and final judgment on Counts I and II of their complaint to allow immediate appellate review and to stay adjudication of 7-Eleven's counterclaims and third-party claims pending their appeal. The Court allowed that motion and subsequently entered judgment in favor of defendant on plaintiffs' claims against 7-Eleven.

Plaintiffs appealed that order to the First Circuit Court of Appeals ("the First Circuit"), which certified a question of law to the Massachusetts Supreme Judicial Court ("the SJC") in August, 2021. See Patel v. 7-Eleven, Inc., 8 F.4th 26 (1st Cir. 2021). The certified question was:

> Whether the three-prong test for independent contractor status set forth in Mass. Gen. Laws ch. 149 § 148B applies to the relationship between a franchisor and its franchisee, where the franchisor must also comply with the FTC Franchise Rule.

Id. at 29.  In March, 2022, the SJC answered the certified question, explaining that the Massachusetts ICL both applies to the franchisor-franchisee relationship and does not conflict with the FTC Franchise Rule.  Patel v. 7-Eleven, Inc., 183 N.E.3d 398 (Mass. 2022).  The First Circuit then vacated the decision of this Court and remanded the case for further proceedings.

With the SJC's guidance on the Massachusetts ICL, this Court entered summary judgment for defendant 7-Eleven in September, 2022, on Counts I and II, holding that plaintiffs are, in fact, independent contractors under the Massachusetts ICL.  7-Eleven's counterclaims and third-party claims were not the subject of the summary judgment motions and, therefore, remain pending.  Trial is scheduled to commence in early February, 2023.

II. **Motion for Separate and Final Judgment and for a Stay of 7-Eleven's Counterclaims and Third-Party Claims**

   A. **Legal Standard**

When an action includes multiple claims or parties, Rule 54(b) permits the Court to enter a final judgment as to fewer than all claims or parties only if it determines that there is "no just reason for delay." Fed. R. Civ. P. 54(b).  In making such a determination, the Court must first confirm that "the ruling underlying the proposed judgment is final." Nystedt v. Nigro, 700 F.3d 25, 29 (1st Cir. 2012).  Then, the Court must

-4-

"determine[] that there is 'no just reason for delay'." Id. at 30.  Finally, before entering a separate and final judgment, the Court must evaluate

> any interrelationship or overlap among the various legal and factual issues involved [and] any equities and efficiencies implicated by the requested piecemeal review.

State Street Bank & Trust Co. v. Brockrim, Inc., 87 F.3d 1487, 1489 (1st Cir. 1996).  The First Circuit has emphasized that Rule 54(b) certification should be used sparingly. Nystedt, 700 F.3d at 29.

### B.   Application

Plaintiffs stress that their current request for a separate and final judgment to allow them to seek immediate appellate review is no different than their first one in 2020.  The Court is sensitive, however, to the "prudential policy against the scattershot disposition of litigation" and agrees with 7-Eleven that at this juncture it would be equitable and efficient to consider whether the case can be resolved in its entirety by summary judgment. Spiegel v. Trustees of Tufts College, 843 F.2d 38, 42 (1st Cir. 1988).

The Court entered summary judgment on all of plaintiffs' claims against 7-Eleven, thus rendering the underlying ruling "final," but it finds there is indeed "just reason for delay."

-5-

See Nystedt, 700 F.3d at 29.  Plaintiffs argue that their dismissed claims are analytically distinct from 7-Eleven's counterclaims and third-party claims.  The Court disagrees. Plaintiffs' claims for independent contractor misclassification and Wage Act violations and defendant's claims for breach of contract and indemnification all turn on whether plaintiffs are independent contractors or employees.

Plaintiffs urge the Court to permit an interlocutory appeal because the First Circuit's decision "might" moot a remaining claim thus conserving party and judicial resources.  The First Circuit, however, instructs that

> entertain[ing] an early appeal just because . . . a ruling . . . might transpire and might expedite a particular appellant's case would defoliate Rule 54(b)'s protective copse.

Spiegel, 843 F.2d at 46.  Defendants submit that a Rule 54(b) appeal at this stage would not expedite the litigation and the Court agrees.  It can resolve the case at bar in its entirety in a matter of months either by summary judgment or trial and once the case is fully adjudicated, either party may appeal it to the First Circuit.

Having so concluded, the Court will accept 7-Eleven's proposal in the recently-filed joint status report.  7-Eleven's

-6-

motion for summary judgment will be promptly briefed after which the Court will decide it with due diligence.

### ORDER

For the foregoing reasons, Plaintiffs' motion for separate and final judgment and for a stay of 7-Eleven's counterclaims and third-party claims (Docket No. 204) is **DENIED**.

Defendant is directed to file its memorandum in support of its motion for summary judgment on the remaining claims on or before Friday, November 18, 2022.  Plaintiffs shall file their memorandum in opposition on or before Friday, December 9, 2022.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated October 27, 2022