United States District Court
District of Massachusetts

| | |
|---|---|
| Dhananjay Patel, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> 7-Eleven, Inc., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. <br> 17-11414-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This dispute over attorneys' fees arises from the two remaining counterclaims and third-party claims in a putative class action against 7-Eleven, Inc. ("7-Eleven" or "defendant") for the alleged misclassification of its franchisees as independent contractors in violation of the Massachusetts Independent Contractor Law, Mass. Gen. L. c. 149, § 148B.

Local 7-Eleven franchise store owners and operators, Dhananjay Patel, Safdar Hussain, Vatsal Chokshi, Dhaval Patel and Niral Patel (collectively "plaintiffs") brought this putative class action in 2017 on behalf of themselves and a class of similarly situated individuals in the Commonwealth of Massachusetts. In September, 2022, this Court entered summary judgment in favor of 7-Eleven, holding that plaintiffs are

-1-

independent contractors, not employees. As a result, only defendant's counterclaims and third-party claims against plaintiffs remain.

Pending before the Court are cross motions of the parties for summary judgment on defendant's counterclaims and third-party claims for breach of contract and indemnity.

## I.  Background

The facts of this complex case have been described at length in previous memoranda entered by this Court. Therefore, the Court will summarize here only the salient facts relevant to this Memorandum & Order.

In June, 2017, plaintiffs brought this class action alleging that 7-Eleven (1) misclassified the franchisees as independent contractors instead of employees in violation of the Massachusetts Independent Contractor Law, Mass. Gen. L. c. 149, § 148B (Count I) and (2) violated the Massachusetts Wage Act, Mass. Gen. L. c. 149, § 148 (Count II). Plaintiffs also asserted that 7-Eleven violated the Massachusetts Minimum Wage Law, Mass. Gen. L. c. 151, §§ 1, 7 (Count III) but voluntarily withdrew that claim in July, 2020.

In response, 7-Eleven counterclaimed for: (1) declaratory judgment that the plaintiffs' franchise agreements (the "Franchise Agreements") are void if plaintiffs are deemed

employees rather than independent contractors (Counterclaim I), (2) breach of contract (Counterclaim II) and (3) contractual indemnity (Counterclaim III). 7-Eleven also filed third-party complaints against DPNEWTO1, Inc., DP Tremont Street, Inc., DP Milk Street, Inc. and DP Jersey, Inc., the corporate entities through which the named plaintiffs contracted to work for 7-Eleven.

In September, 2020, this Court allowed summary judgment in favor of defendant 7-Eleven based on a purported conflict between the Massachusetts ICL and the federal franchisor disclosure requirements in the FTC Franchise Rule.

Shortly thereafter, plaintiffs appealed the summary judgment order to the First Circuit Court of Appeals ("the First Circuit"), which certified a question of law to the Massachusetts Supreme Judicial Court ("the SJC") in August, 2021. See Patel v. 7-Eleven, Inc., 8 F.4th 26 (1st Cir. 2021). In March, 2022, the SJC answered the certified question, explaining that the Massachusetts ICL both applies to the franchisor-franchisee relationship and does not conflict with the FTC Franchise Rule. Patel v. 7-Eleven, Inc., 183 N.E.3d 398 (Mass. 2022). The First Circuit then vacated the decision of this Court and remanded the case for further proceedings.

With the SJC's guidance on the Massachusetts ICL, this Court again entered summary judgment for defendant 7-Eleven in September, 2022, on Counts I and II, holding that plaintiffs are, in fact, independent contractors under the Massachusetts ICL. 7-Eleven's counterclaims and third-party claims remained pending. Plaintiffs subsequently moved for a separate and final judgment to appeal to the First Circuit a second time. This Court denied plaintiffs' motion and directed defendant to file its memorandum in support of its motion for summary judgment on the remaining counterclaims and third-party claims.

That motion is pending before this Court. Because this Court has determined that plaintiffs are independent contractors, defendant's declaratory judgment counterclaim and third-party claim is moot, and thus, only the counterclaims and third-party claims for breach of contract and indemnity remain. The Court is underwhelmed by defendant's claim for over $3.4 million in attorneys' fees incurred in defending plaintiffs' misclassification claim and will deny the motion for summary judgment for the reasons that follow.

## II. Motion for Summary Judgment

### A. Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a

genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A fact is material if it "might affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of

law, then summary judgment is warranted. Celotex Corp., 477 U.S. at 322-23.

### B. Application

After more than five years of litigation, only two claims remain for this Court to resolve: 7-Eleven's counterclaims and third-party claims for breach of contract and indemnity. As an initial matter, both parties agree that there are no factual disputes at issue, and thus, those claims are suitable for resolution at summary judgment. 7-Eleven argues in its motion for summary judgment that the damages should be in the form of attorneys' fees and costs. It alleges that it incurred more than $3.4 million in attorneys' fees, discovery production and experts to defend itself against plaintiffs' misclassification claims. 7-Eleven does not identify any other damages.

#### 1. Breach of Contract

Defendant 7-Eleven argues that plaintiffs breached their Franchise Agreements by holding themselves out as 7-Eleven employees. Section 2 of the Franchise Agreement states that the contracting party agrees "to hold [itself] out to the public as an independent contractor." 7-Eleven posits that plaintiffs held themselves out as 7-Eleven employees throughout the litigation because statements to that effect formed the basis of their complaint and arguments at summary judgment and appeal.

In response, plaintiffs suggest that they have held themselves out to this Court and the public as independent contractors who allege they should be recognized as employees under the law. The Court is not persuaded by that distinction. As defendant points out, the complaint is riddled with statements that the plaintiffs "are actually employees of 7-Eleven."

7-Eleven submits that as a result of the breach, plaintiffs are jointly and severally liable for all of 7-Eleven's attorneys' fees, which amounts to over $3.4 million. Pursuant to the "American Rule," however, 7-Eleven is entitled only to costs, not attorneys' fees, in an ordinary breach of contract case such as the case at bar. It is axiomatic that

> each litigant pays his [or her] own attorney's fees, win or lose, unless a statute or contract provides otherwise.

In re Volkswagen & Audi Warranty Extension Litig., 692 F.3d 4, 13 (1st Cir. 2012) (internal punctuation omitted) (citing Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 253 (2010)).

If the parties agree ex ante about how to allocate the costs of enforcing an agreement, "the question of what fees are owed is ultimately one of contract interpretation." AccuSoft Corp. v. Palo, 237 F.3d 31, 61 (1st Cir. 2001) (quoting MIF Realty, L.P. v. Fineberg, 989 F. Supp. 400, 402 (D. Mass.

1998)).  The court's "primary obligation is simply to honor the agreement struck by the parties." Id.

The Court has reviewed the Franchise Agreements and concludes that they do not contain a provision for the award of attorneys' fees.  In the absence of such a provision, 7-Eleven is not entitled to recover its attorneys' fees from plaintiffs.

7-Eleven admits that in Massachusetts, the prevailing party in a civil action is awarded only costs and not attorneys' fees but contends that the third-party exception under Mutual Fire, Marine and Inland Ins. Co. v. Costa ("Mutual Fire") applies here, and thus, its attorneys' fees are recoverable. See 789 F.2d 83, 88-89 (1st Cir. 1986) ("[W]hen the natural consequence of a . . . defendant's breach of contract is to cause the plaintiff to become involved in litigation with a third party, the attorney's fees associated with that litigation are recoverable from the defendant.").  Plaintiffs, however, dispute the applicability of the Mutual Fire decision, submitting that in that insurance coverage case, the negligence of an entirely independent insurance agent was the cause of the litigation between plaintiff and defendant, and thus, requiring the third party agent to pay defendant's attorneys' fees was warranted. See id.

The Court concludes that Mutual Fire is distinguishable from the case at bar. Here, the third-party defendant corporations are limited liability companies through which the named plaintiffs contracted to perform work for 7-Eleven. The named plaintiffs are the principals of the third-party corporate entities and executed personal guaranties making them liable for any money owed to 7-Eleven. Treating the named plaintiffs' limited liability companies as wholly distinct third parties when plaintiffs themselves indemnified them is not comparable to Mutual Fire, where the third party was an entirely independent insurance agent. Thus, 7-Eleven is not entitled to recover its attorneys' fees as damages resulting from its breach of contract claim.

### 2. Indemnification

7-Eleven next argues that its attorneys' fees and costs are indemnifiable losses under Section 18 of the Franchise Agreement. The indemnification provision states that each franchisee agrees to indemnify 7-Eleven "from all losses arising out of or relating to your Store and its operation," up to $500,000.

In response, plaintiffs submit that the ordinary and plain meaning of the indemnification provisions does not suggest that legal fees in a dispute between a franchisee and 7-Eleven would

-9-

be covered. Caldwell Tanks, Inc. v. Haley & Ward, Inc., 471 F.3d 210, 217 (1st Cir. 2006).

The Court agrees with plaintiffs. Unlike in Caldwell Tanks, the indemnification provision in the Franchise Agreement makes no mention of defense costs or attorneys' fees. Cf. id. ("[I]t is well accepted under Massachusetts law that parties may alter the American rule by contract . . . [t]he Contract here explicitly allowed for recovery of defense costs, including attorney's fees." (internal citations omitted)). Moreover, as plaintiffs stress, it does not make sense that 7-Eleven would limit indemnification to $500,000 if it were applicable to attorneys' fees. Fishman v. LaSalle Nat. Bank, 247 F.3d 300, 302 (1st Cir. 2001) ("Common sense is as much a part of contract interpretation as is the dictionary or the arsenal of canons.").

In its memorandum in support of summary judgment, 7-Eleven requests only reimbursement of attorneys' fees, thus seeking abrogation of the American Rule that litigants pay their own legal fees unless there is a contractual obligation to do otherwise. See In re Volkswagen & Audi Warranty Extension Litig., 692 F.3d at 13. If defendant had incurred and sought reimbursement for other losses, such as having to replace a franchisee who refused to manage his store until he was paid as an employee, such losses may be recoverable under the

indemnification clause.  7-Eleven is not, however, entitled to recover from plaintiffs attorneys' fees, even if those attorneys' fees were substantial.

## ORDER

For the foregoing reasons, defendant 7-Eleven, Inc.'s motion for summary judgment (Docket No. 211) is **DENIED**. Plaintiffs' cross-motion for summary judgment (Docket No. 219) is **ALLOWED**.

**So ordered.**

                                /s/ Nathaniel M. Gorton
                                Nathaniel M. Gorton
                                United States District Judge

Dated January 4, 2023