# United States Court of Appeals
## For the First Circuit

_____

No. 23-1043

DHANANJAY PATEL, SAFDAR HUSSAIN, VATSAL CHOKSHI, DHAVAL PATEL, and NIRAL PATEL, on behalf of themselves and all others similarly situated,

Plaintiffs, Appellants,

v.

7-ELEVEN, INC.,

Defendant, Third-Party Plaintiff, Appellee,

MARY CADIGAN; ANDREW BROTHERS,

Defendants,

DP MILK STREET INC.; DP JERSEY INC.; DP TREMONT STREET INC.; DPNEWTO1,

Third-Party Defendants.
_____

Before

Montecalvo, Selya, and Thompson,
<u>Circuit Judges</u>.
_____

**JUDGMENT**

Entered: September 27, 2024

    Before the court is the plaintiffs' (a putative class of 7-Eleven franchisees) appeal from the district court's grant of summary judgment in favor of defendant 7-Eleven on the plaintiffs' claims under Mass. Gen. Laws ch. 149, §§ 148, 148B. The plaintiffs' claims hinge on the proposition that they were misclassified as independent contractors rather than employees under the Massachusetts Independent Contractor Law ("ICL"). The district court concluded that the plaintiffs failed to satisfy the threshold inquiry under the ICL because the plaintiffs did not perform services for 7-Eleven. <u>Patel</u> v. <u>7-Eleven, Inc.</u>, 618 F. Supp. 3d 42, 49 (D. Mass. 2022).

    After hearing oral argument in the present appeal, we certified the following question to the Massachusetts Supreme Judicial Court ("SJC"): "Do Plaintiffs 'perform[] any service' for 7-

- 2 -

Eleven, within the meaning of Mass. Gen. Laws ch. 149, § 148B, where, as here, they perform various contractual obligations under the Franchise Agreement and 7-Eleven receives a percentage of the franchise's gross profits?" Patel v. 7-Eleven, Inc., 81 F.4th 73, 76 (1st Cir. 2023).  Following a thoughtful and comprehensive analysis, the SJC concluded that the plaintiffs do not perform any services for 7-Eleven and thus do not satisfy the threshold inquiry under the ICL.  Patel v. 7-Eleven, Inc., 240 N.E.3d 765, 778 (Mass. 2024).  Because the SJC's answer was consistent with the district court's reasoning in its grant of summary judgment, we directed the parties to show cause, if any, why the summary judgment entered in favor of 7-Eleven should not be summarily affirmed.

    Both parties acknowledge that there is no reason not to summarily affirm the district court's order in light of the SJC's opinion.  We agree and the district court's entry of judgment dismissing Plaintiffs' claims is therefore **affirmed**.  Costs awarded to 7-Eleven.


By the Court:

Maria Hamilton

cc:  Shannon Erika Liss-Riordan, Adelaide H. Pagano, Matthew Carrieri, Matthew J. Iverson, Norman M. Leon, Jennifer C. Brown, Jamie L. Kurtz, Patricia Zapata Schiraldi, David C. Kravitz, Douglas S. Martland, Peter N. Downing, Kate Watkins